OPINION of the Court, by
Judge Boyle.
— -This was an action of trespass assault and battery — the plea „u;itVi On the trial, the plaintiff in the court below (who is appellee here) proved, that on the day of committing the assault and battery, the defendant, as he was g°ing to t^!e place where it was committed, declared he intended “ flogging the plaintiff because he had circulated slanderous reports of him.” The defendant then offered to prove that the plaintiff had, prior to thai day, circulated reports of the defendant which were slanderous. To this evidence the plaintiff objected, t^ere being a suit then depending for said slanderous reports ; and the court sustained the objection, and refused to permit the evidence to go to the jury. The defendant excepted to the opinion of the court; the correctness of which is the only question now to be decided*
There is ver)7 little to be found in the English books tending to the elucidation of this subject. It is a correct and well established principle, that matter of de-Tmce, which cannot be pleaded specially, may be given in evidence on the general issue. But what circumstances constitute such matter of defence in actions of as-sau^ and battery, is a point which seems entirely unsettled. The numerous cases cited by the counsel for the appellant, (defendant below,) do not appear analo-80us in their circumstances, or applicable in principle to the present case.
Judging from the reason of the thing alone, we can ^*ave n0 hesitation in declaring it proper that opprobrious language used by the plaintiff at the time of the battery, more especially if intended to provoke the quarrel, should be permitted, to be given in evidence by the defendant in *429 mitigation of damages. The language of the parties is often so intimately associated, and even identified with the transaction, that it is impracticable to suppress it ia giving evidence of their conduct; and, indeed, the sup* pression of it, if practicable, could only tend to exhibís the transaction by false and deceitful colours.
But there does not appear to be the same reason for the admission of proof of abusive language, unconnected with the transaction by contiguity of tune and place., The law, out of respect to the frailty of human passions, may look with an eye of some indulgence upon the violation of good order produced in the moment of irritation and excitement from abusive language. But where there has been time for deliberation, the peace of society requires that men should suppress their passions, and neither reason nor law will suffer them to claim a diminution of their responsibility for their misconduct. If opprobrious words, for which the law allows an action, have been used of a man, the law furnishes a remedy', and will not permit him to redress his own wrong. If they are so frivolous as not to be deemed by the law actionable, a peaceful citizen, when he has had time for reflection, will consult the peace and good order of society, as well as his own dignity, in disregarding them.
But it is contended in this case, that as the plaintiff produced proof that the defendant had threatened to beat him because the plaintiff had before that time slandered him, the evidence of the slander was thereby legitimated. And many cases have been cited to shew that evidence, improper in the first instance, has been rendered legal by the production of proof on the other side.
But the fallacy of applying the principle of those cases to the present will readily be seen by observing that the threat to beat him was the evidence for the plaintiff, and not the cause assigned by the defendant for using the threat. The cause of the menace could not have been intended or used by the plaintiff to aggravate the damages, and therefore proof of the real existence of the cause was not thereby legalized. Suppose the plaintiff had proved that the defendant had threatened to beat him because the plaintiff had refused to pay a debt which he owed to the defendant, would the defendant hay e therefore been permitted to go into evidence of *430 the existence of the debt ? Such a proposition would; not be asserted; yet it is difficult to see in what it differs in principle from that which is contended for. Upon the whole, we can see no error in the opinion of the court below.- — Judgment affirmed.