Judge Mills
delivered the opinion.
This was an action of trespass, assault, battery and wounding, brought by the appellee against tbe appellant. The declaration contains a count for presenting and firing a gun, and wounding the appellee in the right band. .On the trial the appellant objected to the appellee’s reading, in evidence, a deposition taken in Illinois, because the *558 dedimus potes!atem annexed to the deposition was blank, as to the names of tbe justices before whom tbe deposition was taken, and because the justices bad not certified that tbe deposition was taken at tbe place designated by the notice. Tbe appellee proved, by a witness present at taking the deposition, that it was taken at tbe proper place. The court below admitted tbe deposition, and the appellant excepted.
Tho’ a ded-imus tor taking the deposition of a nonresident be issued in blank, it is yet good if it appears the deposition was really taken before justices of the peace.
Oral evidence is admissible to shew the deposition was taken according to notice.
Some of the acts of assembly, regulating tbe mode of taking depositions where the attendance of witnesses cannot be procured, direct a dedimus potestatem to issue, on motion, to certain persons by name If such a dedimus should fail to state the names, as the commissioners are individually empowered, there might be some plausibility in contending against the depositions, on account of the blank. But other acts allow such commission to issue to certain officers as such, among which are justices of the peace. rl he blank in such a dedimus, must be wholly immaterial if it is executed by such officers. Tbe justices have certified, in this instance, that they are justices of the peace, and by express provision such certificate is evidence of their being such. The individual could not then be necessary. Mobley vs. Hamit, 1 Marsh. 590.
As to tbe admissibility of the proof, to shew where the deposition was taken, we see no objections to it. If the justices had certified the place, it would have been evidence that the notice was complied with. But this is not the ody evidence to which the party resort. Any competent proof ought in such case to be allowed.
It appeared on tbe trial that the appellant had obtained against the appellee, a warrant of arrest, usually styled a peace warrant, and had placed it in the hands of the sheriff, who called upon tbe appellant and stated that be could not find the appellee, and requested the appellant to go along, and shew tha appellee, in order that the warrant might be executed. The appellant did so, and took his gun along with him, stating to the sheriff that the ap-pellee would resist being taken, and that he carried a pistol and would be very apt to fire upon them. They found the appellee engaged at labor, with an axe, and when he discovered the sheriff he approached near to him holding the axe in a menacing attitude, and ordered the sheriff to proceed no further. The appellant then spoke to the sheriff and required him to execute his office. The *559 appellee then discovering, by the voice of the appellant, that the appellant was near in a direction different from that in which the sheriff stood, drew out a pistol and each presented their areas. Here is some contrariety in the proof; some of the witnesses conceiving that the appellant, and others that the appellee presented first — and great stress seems to have been laid on this enquiry during the trial, as the most important fact involved in the issues. After the parties had stood sotne moments in this attitude, endeavoring to get their respective pieces to bear on each other, the appellant fired and wounded the right hand of the appellee, who immediately changed his pistol to the other hand and advanced up to the appellant, but his pistol missed fire. The appellant then introduced witnesses to prove that the appellee, both before and after the emanation of the peace warrant, had threatened his,' the appellant’s life, and particularly after the warrant had issued, he bad stated that he never would be taken by the officer, but that he would first kill the officer, and that he would, at all events, kill the appellant, if he went to hell for it. The court excluded this evidence as incompetent to shew the intention, with which either the appellant or appellee had acted on the occasion, or in any manner permissible in mitigation of damages. Of the intention of the appel-lee thus to resist the process, the appellant seems to have been in some measure apprized.
™^j,su|tsw¡n not palliate a latter assault ^efif^th'^in* Jury ⅛ inflict" ed in the at-cutkm those threats, defed’t may former^h'r’ts in mitigation °f damages, motives which wflu-t^intiff'* conduct. Tho5 for* threats
It has been decided by this court, in the case of Rochester vs. Anderson. 1 Bibb, 428, as well as in a subsequent case, that the defendant, in an action of assault and battery, could not mitigate toe damages by shewing a previous insult or offence given him by the plaintiff on a former occasion To this opinion we still adhere. But the reason of that rule is this ; a defendant Shall not shew that bis ruder passions were excited by a previous offence, and then rely on these passions as one of the infirmities of his nature to alleviate his case, after sufficient time had elapsed to allow these passions to cool and subside, in a prudent, orderly citizen, of sound refleclion. In this case, however, the evidence offered, was not intended for such purpose. The sayings and threats of the appellee related to the very acts which he attempted when he received his wound, and conduces strongly to explain the acts of each party and the motives with which each acted in the ren-counter. It tends to shew that the appellant was in dan- *560 gerattd was apprised of it, and intended to avoid it by anticipating the injury. There is a difference then between the evidence now offered and that which relies on previous Offences as provocation only.
This affray was carried on with unusual weapons, and the appellee was deliberately resisting the law, out of ill will to bis adversary. If the appellee could have shewn that the appellant bad walked deliberately from his house, in search of the appellee, with his gun, and had expressed an intention of shooting him, and had done so, the evidence would have tended to aggravate the damages, and would have been admissible for that purpose. On the contrary, it was competent for the appellant to shew, that he had gone at the request of the sheriff, instead of being stimulated by revenge, and the circumstance of the appellant’s carrying a pistol, and avowing his intention of usihg it, for the purposes of death, conduced to mitigate and explain the act of ihe appellee, in taking his gun with him", and also to shew that self defence was the object, and not the wanton purpose of personal injury, to tike manner, if the appellee, by drawing his pistol, intended to injure, instead of self defence purely, it would extenuate the act of the appellant in avoiding the injury by anticipating the blow, and the appellant ought to be permitted to shew that intention. It is true, that the appellee in this instance acted under circumstances not favorable to his case. He was resisting the authority of the law out of spleen against the party, who had questioned Ins conduct at law. He could not at the time be under any apprehensions of personal injury, except the arrest of the officer. Although it was bis duty to submit to this, yet be presented the axe to the officer, and the pistol to his accuser, as soon as he discovered him. If he did this with a fixed design of killing, bis conduct was thereby much aggravated, and the conduct of the appellant in firing too soon to.avoid death, was much mitigated; and we know of no evidence better calculated to shew such fixed design, than his solemn declarations with regard to lite arrest, which was then about to take place. If the thief, about to steal, or the incendiary, about to apply the torch, should receive personal injury, whereby he was prevented from perpetrating his design, we conceive his declarations that he intended to do the act, which he was about to do, would he admissible to palliate the act of the party inflicting the injury. Thus we conceive that the previous decía- *561 Rations of the appellee, which explained his object in carrying, drawing and presenting his pistol, were admissible, not to be used as mitigating tbe appellant’s case as a previous offence; but-as conducing to shew tbe appellee’s illegal design, and also as measurably excusing the appellant in aking his gun, and then using it, when be saw the weapon by which his own death bad been predicted. The deer ion of the court below in rejecting this evidence, is there-fo»e deemed errbneous.
Wicklijfe for appellant, Pope & Daviess contra.
The judgment must be reversed with costs, the verdict set aside, and new proceedings bad consistent with this o* pinion.