### COXE et. al. vs. WHITNEY.

1. In actions of assault and battery, no matter of provocation can be given in evidence, unless it be so recent as to create a fair presumption that the violence was done under the influence of the passions excited by it.

2. An article in a newspaper published by A. & B., written by A., cannot be read in evidence as an admission of B.

### APPEAL from St. Louis Circuit Court.

Geyer for Appellants.

The appellants submit the following propositions:

1st. The plaintiff claimed vindictive damages, and, in the third instruction given, the court says he was entitled to it, thus placing before the jury the motives of the defendants, and " all the circumstances which give character to the assault," as proper for their consideration. The defendants ought to have been allowed to read in evidence, in mit-

igation of damages, the scandalous article in the Picket Guard, in which the wife and brother of the defendant Coxe, and the near relative of the other defendants, were most brutally assailed.

2d. If the jury were authorized in a civil action to give *exemplary damages*, they ought to have been allowed to consider the facts and circumstances which influenced the defendants, as well those in mitigation, as those in aggravation. Peabody vs. Winchester, 7 Law Rep. 384, (contained in No. 8, for Dec. 1844.)

3d. The evidence offered by the defendants was important to explain and enable the jury to understand, the testimony given by the plaintiff, as to the object of the visit of the defendants, shewing it to have been lawful and proper, and tending to negative the presumption of a preconcerted design to commit violence, from the fact of their presence.

4th. The court erred in directing the jury, that they might *award exemplary damages*, in proportion to the *malicious conduct* of the defendants; because, first, it assumes the existence of malice; because, secondly, the malice of the defendants is not in any such case the measure of damages, but the injury to the plaintiff; and thirdly, the plaintiff was entitled only to the damages, for the injury done to his person and feelings, and not by way of public punishment. Actions of assault and battery, are not instituted or entertained for the purpose of example, but for indemnity; exemplary punishment, whether inflicted on the person or purse, belongs exclusively to criminal cases.

5th. After excluding from the jury, the consideration of the conduct of the plaintiff, and the nature of his vile and unprovoked libel, it was manifestly unjust, and therefore unlawful to direct and encourage the jury to award *exemplary damages*.

6th. The second article in the Picket Guard, was improperly excluded, because being the joint production of the plaintiff and his partner, it is in law his own, and ought to have been received as his account of the assault, and the causes of it.

7th. The instructions given by the court, assume the commission of an assault, by one or more, and malice on the part of all of the defendants, and indicate the opinion of the court on the facts too plainly against the defendants, and for that reason the judgment ought to be reversed.

8th. The defendants were entitled to a new trial, because of misdirection by the court; and the exclusion of legal and competent evidence; and also because the jury disregarded the second instructions given for defendants, and found their verdict without any evidence of facts material. There being no evidence that an assault was committed by any of the defendants but one, or that either of the others aided or abetted

Coxe et al. vs. Whitney.

the assailant; or that previous to the assault there was a common design to commit such assault, and that it was committed in pursuance of such design. The jury was not authorized, (as the court intimated it was, in the fourth instruction for plaintiff,) to find the existence of a common intent, without evidence.

T. Polk, for Appellee.

In support of the judgment rendered by the court below, the counsel for the appellee, relies upon the following

POINTS AND AUTHORITIES.

1st. The circuit court committed no error in excluding from the jury the article in the Picket Guard, No. 17, of date of 6th September, 1842. At least two days having elapsed between the issuing of said No. and the infliction of the battery. Avery vs. Ray, et al., 1st Mass. Rep. 11; Lee vs. Wolsey, 19 John. Rep. 319; Beardsley vs. Maynard, 4 Wendell, 336; Maynard vs. Beardsley, 7 do. 560; May vs. Brown, 3 Barn. & Cress. 113, (10 Eng. C. L. Rep. 24;) Wakely vs. Johnson, 1 Ryan & Woody, 422, (21 Eng. C. L. Rep. 480,) Rochester vs. Anderson, 1 Bibb, 428; and McAlexander vs. Harris, 6 Munford, 455.

2nd. The court below ruled correctly in excluding from the jury the article in No. 20 of the Picket Guard, dated the 9th September, 1842. Finney vs. Allen, 7 Mo. Rep. 416; 5 Do. 476.

3d. The court below committed no error in the instructions it gave to the jury. 1 Bac. Ab. Title, assault & battery, A & B, p. 243; Tomlin's Law Dictionary, assault, 1 Hawkins' Pleas of the Crown, 263; Halsey, et al. vs. Woodruff, 9 Pick. R. 555; Bohnn vs. Taylor, 6 Con. Rep. 315; 2 Strange, 910, 11 Coke's Rep. 5, (abrd. ed. 323;) 5 Bur. 2790, 1 Strange, 422; 2 Bac. Ab. Title Dam. D. 4, p. 272; 1 Wils. 30; 6 T. R. 199; 2 Tidd's Prac. 805; 9 Pick. Rep. 555; 2 Bac. Ab. Title Dam. D, 1, p. 266; 14 John. Rep. 352; 19 John. Rep. 381; 10 Wend. 654, 7 Mo. Rep. 57; Code of 1835, 343; 9 Bing. 333; 8 Barn. & Cress. 417; 4 Barn. & Ald. 430; 6 Taunt. 460; 12 East. 229; 1 Pick. Rep. 38.

4th. The court below committed no error in overruling the motion made by defendants for a new trial. Code of 1835, page 343, § 8; 9 Bing. 333, (23 Eng. C. L. Rep. 296;) 8 Barn. & Cress. 417, (15 Eng. C. L. Rep. 252,) 4 Barn. & Ald. 430, (6 Eng. C. L. Rep. 475;) 6 Taunt. 460, (1 Eng. C. L. Rep. 452) 12 East 229; 1 Pick. Rep. 38.

34

NAPTON, J., delivered the opinion of the court.

This was an action of trespass, assault and battery, brought by Whitney against Coxe, Christy, Mitchell and Schumburg. Each defendant pleaded separately "not guilty," and a separate plea of *son assault demesne*. To these pleas, replications were filed, traversing the pleas and the issues taken were tried at the last April term of the St. Louis circuit court. The plaintiff had a verdict and judgment against all the defendants for sixteen hundred dollars.

The plaintiff Whitney was the editor, or one of the editors, of a newspaper printed in St. Louis, called the "*Picket Guard;*" and was also an engraver, and took daguerreotype likenesses, at a room in the second story of a house at the northeast corner of Market and Fourth streets. This was also his lodging room. On the 6th September, 1842, an article appeared in the Picket Guard reflecting upon the wife of Coxe, one of the defendants; the other defendants being nearly connected by blood or marriage with Mrs. Coxe. On the 8th, the defendants went to the room of the plaintiff, and made the assault complained of. No person was present at the commencement of the assault. The first words heard by a witness, who had been attracted to the spot by the cries of murder, were from one of the defendants. "We asked him to sign this, and he refused." To which Whitney replied, "I wanted to make some alterations before I signed, and they struck me." Some one asked Whitney why he did not defend himself, to which he replied, " he had no weapons." The defendant, Christy, swore he would have satisfaction, and attempted to strike Whitney with a knotted varnished hickory cane, but was prevented. A pistol was also seen in Christy's possession.

Whitney was badly hurt, having received several wounds on his face, nose, head and ears, which occasioned great effusion of blood, and tempory deafness in one of his ears. He was confined to his bed for a fortnight, by the severity of his wounds.

On the part of the defendants, it was proved, that Coxe was the President of the Mutual Insurance Company, whose office was at the corner of Main and Locust street, and whose residence was *up town* from the place where the Picket Guard was printed. The defendants then proposed to read the article printed in the Picket Guard, on the 6th September, and which was understood to reflect upon the wife and brother of said Coxe, as follows: "Another Affair. We learn that the wife of an officer of one of our public institutions, residing up town,

Coxe et al. vs. Whitney.

was sent from home last evening by her husband, in company with her *gallant*—the lady having given very unequivocal evidence of her preference for her new lover. The gentleman with whom she left, has been, as we learn, a resident in the family during some months past. 'Tis said they left the house arm in arm, with the most perfect resignation and nonchalance."

This paper was not admitted to go in evidence. The defendants then proposed to read another article from the same paper published on the 9th September, which was written by the co-editor of the said paper, and which purported to give plaintiff's own account of the assault made by the defendants. This also was excluded.

All the instructions which were asked on either side were given. A motion was made for a new trial but was overruled, and the case is brought here by appeal.

The principal ground upon which the plaintiffs in error rely for a reversal of this judgment, is the exclusion from the jury of the defamatory article published by Whitney a day or two before the assault. This libel, it is contended, should have gone to the jury, not as a justification of the assault, but as an outrage upon the feelings of the defendants, calculated to mitigate the damages. A number of authorities are cited by the defendant in error to show that facts and circumstances which took place previous to the assault complained of, have never been regarded as evidence in mitigation of damages.

In See vs. Woolsey, (19 J. R. 321) Judge Spencer says, that in an action for assault the evidence of provocation which is allowed to mitigate the damages, must be so recent "as to induce a fair presumption that the violence was done during the continuance of the feelings and passions excited by it. On any other principles the law would countenance the most revengeful feelings, and indirectly also an appeal by persons conceiving themselves injured to force and violence." The court, therefore, approved of the action of the circuit judge in excluding from the jury a defamatory paper written by the plaintiff, which had come to the defendant's hands but a few days previous to the assault, and also insinuations made by the plaintiff orally, derogatory to defendant's character, which came to his knowledge the evening before the assault.

The same doctrine has been applied by the same court to suits for libel, in the cases of Beardsley vs. Maynard, 6 Wend. 337, and Maynard vs. Beardsley 7 Wend. 560. This is also the doctrine of the English courts; 3 Barn & Cress, 113; 1 Ryan & Moody, 422.

In Rochester vs. Anderson, (1 Bibb, 429) Judge Boyle states with

sufficient precision, the principles by which courts of law are governed in matters of this sort. "The law, out of respect to the frailty of human passions, may look with an eye of some indulgence upon the violation of good order, produced in the moment of irritation and excitement from abusive language. But where there has been time for deliberation, the peace of society requires that men should suppress their passions, and neither reason or law will suffer them to claim a diminution of their responsibility for their misconduct. If opprobrious words, for which the law allows an action, have been used of a man, the law furnishes a remedy, and will not permit him to redress his own wrong. If they are so frivolous as not to be deemed by the law actionable, a peaceful citizen, when he has had time for reflection, will consult the peace and good order of society, as well as his own dignity, in disregarding them.

What, therefore, is done under the influence of a passion provoked by the opposite party, at the time of the assault, is proper to be considered by a jury in extenuation of the offence. But *ira furor brevis est;* what is done twenty-four, or forty-eight hours after the provocation received, is not the result of that passion, but is the deliberate infliction of vengeance for an injury real or supposed; and this spirit of retaliation, however consonant it may be to the customs of society, the law does not countenance or tolerate.

We have been referred to the case of Peabody vs. Winchester, lately decided in Boston, and reported in the 8th No. of the 7th vol. of the Law Reporter, in which Judge Wilde is reported to have laid down a very different doctrine. The opinions attributed to Judge Wilde in this case, are certainly very different from those entertained by the supreme court of Massachusetts in the case of Avory vs. Ray, 1 Mass. Rep. 11.

As to the refusal of the circuit court to permit the article in the 'Picket Guard' of the 9th of September, purporting to give an account of the assault upon the plaintiff, to be read, we think there was no error in this. The article was proved to have been written by the plaintiff's co-editor, and not by the plaintiff. It was therefore no statement or confession of the plaintiff's. If designed to prove the statement as a confession by the plaintiff, the writer should have been called as a witness. As a mere statement or confession by a co-editor or partner, it could not bind any one but the person who made it.

Judgment affirmed.