COLLINS, Appellant, vs. TODD, Respondent.

1. In an action of assault and battery, evidence of abusive language used by the plaintiff towards the defendant's niece and sister-in-law, a day or two before the assault, was held inadmissible in mitigation.
2. A defendant cannot, after proving the plaintiff's statements immediately after the difficulty as to its origin, prove his own statements in reply.

*Appeal from Howard Circuit Court.*

*Leonard,* for appellant.   1. The facts received in evidence in mitigation of the offence were an aggravation instead of a mitigation of it.   What is done in the heat of blood, the law attributes to the infirmity of human nature, and extenuates. What is done after time for reflection, proceeds from the wickedness of the heart—is revenge, and aggravates the damages. *Lee* v. *Woolsey,* 19 J. R. 319.   *Avery* v. *Ray,* 1 Mass. Rep. 12.   *Matthews* v. *Terry,* 10 Conn. Rep. 459.   *Rochester* v. *Anderson,* 1 Bibb, 428.   *Fullerton* v. *Warrick,* 3 Blackf. 219.   *Cushman* v. *Waddill,* 1 Baldwin, 58.   *Anderson* v. *Johnson,* 3 Harr. & John. 162.   2. It was competent for the defendant to give in evidence the plaintiff's account of the commencement of the affray ; but his own account of the matter was not evidence for him.

*Clark,* for respondent.   The evidence offered by the defendant in mitigation was properly received, as forming a part of the transaction — to show the motive of the defendant, and to guide the jury in assessing damages.   This principle has been sustained by some of the most respectable courts in the Union, and is most conformable to reason.   3 McCord, 66.   2 McMillan, 147.   1 Bald. C. C. R. 58.

RYLAND, Judge, delivered the opinion of the court.

This was a civil action by Collins v. Todd, for an assault and battery upon him while at work in his field.   The defend-

ant, in his answer, admitted an assault and battery, but insisted that it was in his own defence ; stating that on the day the affray occurred, he was in bad health, and accidentally seeing the plaintiff in his field, went there to learn of him why he had used abusive language towards his sister-in-law and niece, when the plaintiff assaulted him, and thereupon he defended himself.

Upon a trial by a jury, the defendant offered evidence to the effect, that his niece, Rebecca Todd, the daughter of a deceased brother, was at the plaintiff's house, who lived near neighbor to them, a short time before the affray, and in a dispute between plaintiff and herself, about plaintiff's treatment of her mother's horses, plaintiff said, " you damned little bitch, you'll go and tell your uncle ;" and in the further progress of the dispute, called her mother a " damned liar ;" that on Sunday, witness communicated this to the defendant, her uncle, and that the affray occurred on the succeeding Monday or Tuesday. This evidence was objected to by the plaintiff and allowed by the court.

The defendant also gave in evidence, upon the cross examination of Mr. Percival, one of the plaintiff's witnesses, that, coming up to the parties immediately after the affray, he asked them whether they had been making a trial of their strength ; to which plaintiff said, " he did'nt give me a chance, but came up with his stick and struck me ;" defendant said, " I did'nt," and plaintiff replied, " you did."

The plaintiff asked the court to direct the jury, " that the plaintiff's statement, as to the commencement of the affray, made to witness, Percival, and given in evidence by the defendant, was legal evidence of the fact stated, and that the defendant's denial thereof was not evidence for him ; and that the language used by the plaintiff to the witness, Rebecca Todd, was no extenuation of the defendant's offence, and ought not to be taken into consideration, in assessing the damages for the assault and battery." These instructions the court refused, and at the instance of the defendant, instructed the

jury, that "if the plaintiff abused defendant's sister-in-law and niece, which was communicated to the defendant, who afterwards, the first time he met the plaintiff, assaulted and beat him, this was matter in mitigation of damages." The jury found a verdict for the plaintiff, and assessed the damages at one cent, which the court refusing to set aside on the plaintiff's motion, the plaintiff appealed to this court.

The questions arising from the above statement of the facts, depend upon the rules of evidence. Did the court below admit improper evidence in mitigation of damages? And was it competent for the defendant to ask a witness what the plaintiff said, in order to make his own statements in reply evidence for himself?

1. The first question, as to the evidence, in mitigation, has heretofore received the consideration of this court, in the case of *Whitney* v. *Coxe et al.* 9-Mo. Rep. 527. In that case, the authorities were brought in review before this court, both English and American, and the court determined, that facts very similar to those in the present case, were not admissible evidence in mitigation. The authorities cited by the plaintiff's counsel, in the present case, fully sustain the court in the opinion delivered in the case of *Whitney* v. *Coxe et al.* It is the opinion of this court, that the law was properly settled in that case, and should not be disturbed. The Circuit Court, therefore, erred, in admitting the evidence of conversation with defendant's niece, and about defendant's sister, which had been communicated to defendant a day, or may be longer, before the assault and battery was committed.

It is not considered necessary to review the cases upon this point; the law has been so declared in Massachusetts, New York, Connecticut, Maryland, Kentucky, Indiana, and in our own state, as well as by the English courts. However, it may not be improper to quote here, the language of Judge Boyle, in the opinion of the court of appeals of Kentucky, in the case of *Rochester* v. *Anderson*, 1 Bibb, 428.

"Judging from the reason of the thing alone, we can have

Collins *v.* Todd.

no hesitation in declaring it proper, that opprobrious language used by the plaintiff at the time of the battery, more especially if intended to provoke a quarrel, should be permitted to be given in evidence by the defendant in mitigation of damages. The language of the parties is often so intimately associated, and even identified with the transaction, that it is impracticable to suppress it, in giving evidence of their conduct ; and indeed, the suppression of it, if practicable, could only tend to exhibit the transaction in false and deceitful colors. But there does not appear to be the same reason for the admission of proof of abusive language unconnected with the transaction by contiguity of time and place. The law, out of respect to the frailty of human passions, may look with an eye of some indulgence upon the violation of good order produced in the moment of irritation of, and excitement from, abusive language. But where there has been time for deliberation, the peace of society requires that men should suppress their passions, and neither reason nor law will suffer them to claim a diminution of their responsibility for their misconduct. If opprobrious words, for which the law allows an action, have been used of a man, the law furnishes the remedy, and will not permit him to redress his own wrong. If they are so frivolous as not to be deemed by the law actionable, a peaceful citizen, when he has had time for reflection, will consult the peace and good order of society, as well as his own dignity, in disregarding them."

2. In regard to the second question, it is the opinion of this court, that the court below erred also. It is competent for the parties to prove what was said by the adverse party in relation to the transaction. But here the defendant gave his own account of the transaction in evidence for himself ; and in order to do this, he first calls the witness to state what the plaintiff said about the commencement of the affray. In detailing the conversations of a party, the whole must be given, not a part, disconnected and disjointed, but all he said at the time ; this, however, does not necessarily permit the other par-

ty to prove for himself what he said on the subject at the time. If such was the law, a man might manufacture evidence for himself, with an eye to its future use, which might totally discolor and distort the whole transaction. He calls a witness to prove the statements of the opposite party, because these statements are true, or because these statements tend to enable the jury to ascertain the facts, and to decide correctly between the parties ; not that he may be enabled to prove his *own statement*. His adversary can make his statement evidence against himself, but he cannot make it evidence for himself. Therefore, upon both points relied on by the appellant's counsel in this case, the law is with the appellant.

The judgment of the Circuit Court is, therefore, reversed; the other judges concurring ; and this case is remanded for further proceedings, in accordance with this opinion.