FARNSWORTH, Respondent, v. TERRE-HAUTE, ALTON AND ST. LOUIS RAILROAD COMPANY, Appellant.

29 75
47a 415

1. A foreign corporation, which has its chief office or place of business within this state, can not be sued by attachment upon the ground of nonresidence ; the liability of such corporations to attachment under the attachment act of 1855 (R. C. 1855, p. 238) is limited to the cases where they have their chief office or place of business out of this state.
2. A foreign corporation having its chief office or place of business in this state may, it seems, be sued, as if resident here, by ordinary writ of summons.

*Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*N. D. & G. P. Strong,* for appellant.

I. The defendant being alleged and proved to be a corporation could not be a nonresident within the meaning of the attachment law, for the reason that the statute has made separate and express provision for the case of corporations, foreign and domestic. There was no proof tendered that the chief office or place of business of the defendant was not within this state. There was no allegation in the affidavit, under the twenty-second section of the act concerning corporations, that the defendant was a foreign corporation having property in this state, nor was there any proof tendered of the existence of such property.

*A. N. Crane,* for respondent.

I. Before the enactment of the twenty-second section of the act concerning corporations, this court had construed the law of attachment affecting nonresident individuals to include foreign corporations. (Cohen v. Perpetual Ins. Co. 9 Mo. 421 ; see Bushel v. Commonwealth, 15 S. & R. 176.) The second ground of attachment was not intended to supersede or overthrow this construction. The new clause was only intended to apply to those domestic corporations which go out of the state to do their principal business. " When laws

speak of things, unless the words show otherwise, they are presumed only to have reference to those things which are within the limits of the territory in which the laws have effect." (Harness v. Green, 20 Mo. 316.) Admitting that it applies to foreign corporations, it should be taken as a cumulative and not as an exclusive ground for attachment. The effect of the construction insisted on by the appellants would be to completely restore the mischief cured by this court in Cohen v. Ins. Co. 9 Mo. 421 ; for the person of a foreign corporation is not here, the charter being the test of residence. (Marshall v. The Railroad, 16 How. 314.) There is no way of proceeding against the appellant in our courts except by attachment. The second clause of the attachment act does not repeal or limit the twenty-second section of the law of corporations, which specially relates to attachments of *foreign* corporations. A corporation created by one state only can not exist in two states at once. Although metaphysical and intangible, it is not ubiquitous. The corporators can not locate it out of that sovereignty that created it. (13 Pet. 519.) Though all the corporators remove from that sovereignty, the corporation does not follow them. They take their quality of corporators from a law which they can not carry about with them, any more than a judge of this court can carry his judicial functions and authority out of this state. Though all the corporators reside in another state, the corporation can not be sued by summons in that state. (See 2 How. 497 ; 16 Johns. 5 ; 14 Conn. 301 ; 16 Pick. 286.) It will hardly be contended that our legislature has undertaken to give authority to sue foreign corporations by summons. (See 9 Mo. 421 ; 1 Miles, 78 ; 16 Pick. 258 ; 16 Johns. 5 ; 14 Conn. 303.)

NAPTON, Judge, delivered the opinion of the court.

It must be admitted that the proper construction of our statute concerning attachments as applicable to corporations, taken in connection with the general statute concerning corporations, is not very plain.

The defendant in this case was a foreign corporation and had its chief office or place of business *within* this state ; and the question is, can she be sued by attachment upon an allegation that "the defendant is not a resident of this state."

The attachment law provides that this writ may be sued out, *first*, where the defendant is not a resident of this state ; and, *second*, where the defendant is a corporation whose chief office or place of business is *out* of this state. Each of these allegations was made in this case ; but as the second was clearly disproved, the first only was relied upon.

The act concerning corporations says : "Any corporation incorporated by any other state or country, and having property in this state, shall be liable to be sued and the property of the same shall be subject to attachment, in the same manner as individuals residents of other states or countries and having property [here] are now liable to be sued and their property subject to be attached." (R. C. 1855, p. 375, § 22.) The terms employed in this section are broad enough to embrace all foreign corporations, whether their chief place of business be within or without this state. If we construe the first clause in the first section of the attachment law to include corporations, it must follow that the second clause is limited entirely to domestic corporations. Otherwise, the second clause is repugnant to the first ; for if the mere fact that a corporation is a foreign one is sufficient to bring it within the first clause, then it is of no consequence where the chief office is located, and the section, which makes that circumstance the one upon which the attachment is authorized, must be limited to domestic corporations having their chief place of business without this state.

The language of this second section, it will be seen, will include both foreign and domestic corporations, and it seems more natural and reasonable so to construe it ; for, as the legislature, in the first section, speak of nonresidents generally, and the term itself would not naturally include corporations, and as they proceed in the very next clause to make a special provision for the case of corporations and to point

6—VOL. XXIX.

out the cases where attachment can be maintained against them, it is unreasonable, by pushing the meaning of the word "nonresident" to its utmost limit, to make it embrace artificial persons fully provided for in a clause immediately ensuing. The provision in the general law concerning corporations (sec. 22) must yield to a special provision in the act which is designed more particularly to regulate attachments. That provision merely declares that foreign corporations shall be liable to ordinary suits, and subject to the extraordinary process of attachment, under the same circumstances in which individuals may be either sued or attached. If there was no other provision on the subject, and the attachment law permitted attachments against persons simply on the ground of nonresidence, corporations could of course be attached on the same ground. But the special provision, in the attachment law, concerning corporations must be understood as limiting the liability of foreign corporations to attachment to cases where they do not have their chief place of business within this state. When the foreign corporation has located here, and has its chief office or place of business here, it seems no longer to be regarded as a foreign corporation. It may be sued as an individual resident here. The president, secretary, &c., are of course here, or such officers as, under our statute, would enable a suit to be brought and service to be had, and there is no necessity for giving the extraordinary process of attachment against it, any more than against a domestic corporation whose chief office is here. Having its chief office here, it ceases to be, for all the purposes of this law, a foreign corporation.

It is not perceived that any hardship can arise from this construction of the law. It is the law in relation to an individual, who takes up his residence here and becomes amenable to the law of this state and its process. So the foreign corporation takes up its abode here, puts out its advertisement to the public, with the name of its president or other officers, and affords all the facilities for serving the ordinary process of the law upon it, which any corporation with a

charter derived from the legislature of this state could do. We do not perceive any policy which, under such circumstances, would require any distinction between its forms and modes of liability from that of our own corporations.

The other judges concurring, the judgment is reversed.*

---

* This case was decided at the March term, 1859, of the supreme court. A motion for a rehearing being filed, it was continued to the October term. The motion was overruled.