————o————

WM. MIDDOUGH, Appellant, *vs.* THE ST. JOSEPH AND DENVER CITY RAILROAD COMPANY, Respondent.

1. *Corporations—Chief place of business—Jurisdiction—Attachment.*—In suit against a foreign corporation, where it is not alleged or any where shown that defendant had its chief office or place of business in this State, the petition will be dismissed for want of jurisdiction.

PER ADAMS, dissenting.

2. *Corporations, foreign—Service upon in this state.*—Under a proper construction in this state (W. S., 294, ¿ 2,) writs may be served on foreign, in the same manner as upon domestic corporations. That statute is broad enough to cover both cases.

3. *Corporations, foreign—Answer—Waiver of defective service.*—Where a foreign corporation puts in an answer to a petition against it, such appearance waives any defect which there may have been in the service of the summons.

*Appeal from the Buchanan Court of Common Pleas.*

*Hill, Carter and Van Waters,* for Appellant.

When a foreign corporation has located here—does business her—and suit is brought and service obtained here, and it appears and answers to the petition, it is within the jurisdiction of the court. (Farnsworth vs. Terre Haute, Alton and St. Louis Railroad Company, 29 Mo., 75.)

The cause of action set out in plaintiff's petition accrued in this State, the business of the defendant was done in this State and county, and is so shown by the petition, and service was obtained in this county.

When demurrer is overruled and the defendant answers upon

the merits, he thereby practically withdraws the demurrer and waives all technical objections to the petition, and the court has jurisdiction of the defendant, (Township Board of Education vs. Hackman, 48 Mo., 243 ; Pickering vs. The Mississippi V. N. T. Co., 47 Mo., 457; Thos. R. Fuggle, Admr., vs. Wm. R. Hobbs, 42 Mo., 537.)

*Doniphan and Baldwin,* for Respondent.

I. The court below committed no error in dismissing the petition, as it showed the defendant to be a foreign corporation and did not allege that its chief office was in this State. (W. S., 292, § 19 ; *Id.*, 1006, § 2; Robb vs. Chicago and Alton R. R. Co., 47 Mo., 540.)

The location of the chief office in this state gives jurisdiction. (Farnsworth vs. Terre Haute, Alton and St. Louis Railroad Company, 29 Mo., 75 ; City of St. Louis vs. Wiggins Ferry Company, 40 Mo., 586, 587.)

WAGNER, Judge, delivered the opinion of the court.

The court below dismissed the petition in this case, and the only question presented for decision is whether it had jurisdiction over the defendant.

The action was brought against the defendant a foreign corporation, incorporated by the laws of the State of Kansas, and it was not alleged nor was it any where shown or pretended, that it had its chief office or place of business in this State. The construction placed upon our statute has been uniform. If the chief office or place of business is within this State as designated by the statute, then the foreign corporation is regarded as a domestic one, and amendable to the jurisdiction of our courts by the common process of summons. Where, however, its office or place of business is not here, then it must be proceeded against as a non-resident by attachment. (Farnsworth vs. T. H. A. & St. L. R. R. Co., 29 Mo., 75 ; St. Louis vs. Wiggins Ferry Company, 40 Mo., 580; Robb vs. Chicago & Alton Railroad Company, 47 Mo., 540.)

Let the judgment be affirmed   The other Judges concur except Adams who dissents.

Dissenting Opinion of ADAMS, Judge.

Section 26, chap. 37, 1 W. S., 294, points out the manner in which writs of summons may be served on corporations. This section in my opinion comprehends foreign as well as domestic corporations.

There is no good reason why the writ should not be served on a foreign corporation precisely as it is on a domestic corporation. This was the view which Judge Napton took in Farnsworth vs. Terre Haute, Alton and St. Louis Railroad Company, 29 Mo., 75, and afterwards maintained by Judge Holmes in City of St. Louis vs. Wiggins Ferry Company, 40 Mo., 585.

Besides, the defendant in this case appeared and demurred, and afterwards set up the same matter by way of answer, that it was a foreign corporation and could not be sued in this State. In my judgment, such appearance waived any defect there may have been in the service of the summons, and I see no good reason why a foreign corporation should not be subject to the jurisdiction of our courts and to the same rules of pleading as resident corporations.