BAILE v. THE EQUITABLE FIRE INSURANCE COMPANY OF NASHVILLE, *Plaintiff in Error*.

**Insurance**: SERVICE OF PROCESS ON FOREIGN COMPANIES. The fourth section of the act of March 23rd. 1874, providing the mode of serving legal process on foreign insurance companies, (Sess. Acts 1874, p. 74,) operated a repeal of section 25, page 770, Wagner's Statutes, and where such a company has complied with that act by appointing a competent person its attorney for the purpose of receiving service in this State, service can lawfully be made only upon him. Delivery of the writ to a local agent at his place of business will not answer.

*Error to Johnson Circuit Court.*—HON. F. P. WRIGHT, Judge.

*Gage & Ladd* for plaintiff in error.

*Crittenden & Cockrell* for defendant in error.

NORTON, J.—This is a suit brought by Baile and Ridenour, the defendants in error, against the insurance company on a policy of insurance issued by the latter. The petition in the case was filed on the 9th day of December, 1874, and on the same day a summons was issued to the sheriff of Johnson county, who served the same by delivering a copy thereof to one E. H. Shotwell, the company's local agent in the town of Warrensburg, in Johnson county. It is claimed that this copy was delivered to the agent in a store where the agent had a desk for the transaction of his insurance and tax collecting business, the store itself being in the possession of other parties. For the purpose of such service it is claimed that this was the office of the company. The return of the sheriff states that the copy was served at the office of Shotwell, the agent.

The defendant was a foreign insurance company and had complied with the provisions of section four of the act of March 23rd, 1874, by appointing John D. Anderson, a competent person, its attorney for the purpose of receiving service of process in this State. The circuit court held

that a service under the general corporation law of the State governing domestic corporations, was valid as against this foreign corporation, and that the service in this case was such service.    This action of the court is assigned for error, and the only question is, whether the facts of the case warranted such action.

It appears from the record that it was admitted on the trial that defendant was a foreign corporation, having its chief office in the city of Nashville, in the State of Tennessee, and that John D. Anderson was, at the time of the service of the summons, and had more than four months, been the duly appointed attorney of defendant in this State, under the provisions of section four of the act of 1874, p. 74.    It was also admitted that Shotwell, upon whom service was had, was at the time defendant's local agent in Warrensburg, and there was evidence showing that Shotwell kept the books and papers of the insurance company along with other books and papers of his own in a desk which he had in a store kept by Dunton & Farr, in Warrensburg, and that the service was made in that store.    The facts thus admitted raised the question as to whether the service of summons on Shotwell was sufficient to give the court jurisdiction of defendant.

In the case of *Middough v. The St. Joseph & Denver City R. R. Co.*, 51 Mo. 520, this precise point was before the court, and it was there said " that the action was brought against the defendant, a foreign corporation, incorporated by the laws of Kansas, and it was not alleged, nor was it any where shown or pretended, that it had its chief office or place of business in this State.    The construction placed on our statute has been uniform.    If the chief office or place of business is in this State as designated by the statute, then the foreign company becomes domesticated and is amenable to the jurisdiction of our courts by the common process of summons.    When, however, its office or place of business is not here, then it must be proceeded against by attachment as a non-resident."    That case is decisive

of this as to the insufficiency of the service on Shotwell under the provisions of Wag. Stat., sec. 26, p. 294. It is, however, claimed that the service is good under the provisions of Wag. Stat., sec. 25, p. 770. This position is not maintainable, because said section 25 is superseded by section 4 of the acts of 1874, page 74, which latter section takes the place of, and is expressly substituted for section 25, *supra*.

The defendant not having been served with summons according to law, the court erred in refusing the instruction asked by defendant to the effect that the service of summons on Shotwell conferred no jurisdiction over defendant, and for this error the judgment will be reversed and the cause remanded, in which the other judges concur.

REVERSED.