FRED G. NEWTON vs. FRED H. HAWKS.

Oxford.    Opinion February 12, 1915.

*Assault and Battery.   Character.   Damages.   Exceptions.   Punitive Damages.*

1.   In an action to recover damages for assault and battery, when plaintiff claims punitive damages or damages for injured feelings, the conduct of plaintiff or provocation by him, may be inquired into to mitigate the damages and evidence of whatever is really and clearly part and parcel of the matter is admissible.

2.   Time is not of the essence of the principle, but fairly established direct connection, as cause and effect.

On exceptions by defendant.   Exceptions sustained.

Action to recover damages for assault and battery, upon plaintiff by the defendant, at Dixfield, August 7, 1911.   The case was entered at the October term, 1913, of Supreme Judicial Court for Cumberland County and afterwards transferred to the County of Oxford.   Plea, the general issue.   The jury returned a verdict for plaintiff for $255.00.   The defendant filed and had allowed exceptions to the admission and exclusion of evidence.

The case is stated in the opinion.

*George A. Hutchins*, for plaintiff.

*Bisbee & Parker*, for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

BIRD, J.   This is an action brought by plaintiff to recover damages for an assault and battery which occurred on the seventh day of August, 1911.   There was no evidence in justification of the acts of defendant but the bill of exceptions sets forth that at the beginning of the trial plaintiff's attorney, in answer to inquiry, stated that he claimed damages for wounded pride, humiliation, etc., and 'punitive damages.   The defendant offered evidence tending to show conduct on the part of plaintiff on Saturday, August 5, 1911, which would

naturally arouse the indignation and outrage the feelings of plaintiff. The evidence offered was excluded. Evidence of conversation or statements of plaintiff was also offered by defendant but was excluded as not occurring on the day of the alleged assault.

It is the opinion of the court that the ruling in both instances was erroneous. *Prentiss* v. *Shaw*, 56 Maine, 427; *Palmer* v. *M. C. R. R. Co.*, 92 Maine, 399. "Mere evidence of general bad character,—or unpopularity, or of acts or declarations of ancient date, or not clearly and really part and parcel of the matter in question, must be excluded. But time is not of the essence of the principle, but fairly established direct connection, as cause or effect." *Prentiss* v. *Shaw*, 56 Maine, 427, 441-442. If the plaintiff claims punitive damages, or damages for his injured feelings, the spirit and conduct of the defendant may be inquired into, to enhance or aggravate, and as well, the plaintiff's own conduct and the provocation by him if any, to mitigate the damages. *Palmer* v. *Maine Central R. R. Co.*, supra, at page 412.

*Exceptions sustained.*