JOHN VERNON ENDICOTT, Respondent, v. EM-
METT ROBERTSON, Appellant.

In the Kansas City Court of Appeals, November 6, 1922.

1. **ASSAULT AND BATTERY**: Peremptory Instruction: Actual Dam-
ages: Where There was no Issue for Jury on Question of Plaintiff's
Right to Recover Actual Damages, Peremptory Instruction to Find
for Actual Damage, Properly Given. In an action to recover dam-
ages for an assault and battery, the giving of a peremptory in-
struction to find for plaintiff for actual damages, *held* proper for
the reason that under the evidence there was no issue for the jury
on the question of plaintiff's right to recover actual damages.

2. **INSTRUCTIONS**: Assault and Battery: Provocation: Mitigation:
Damages: Pleading: Instruction Withdrawing from Consideration
of Jury as a Matter of Provocation in Mitigation of Damages, the
Whipping of Defendant's Son, Held Proper Where not Pleaded in
Answer as Provocation, and not Shown by Evidence to Have
Occurred so Recently Prior to Assault, to Raise Presumption that
Violence Done was Committed under Immediate Influence or Feeling
of Passion as Result Thereof. In an action to recover damages
for assault and battery occurring as result of plaintiff, the prin-
cipal of a public school, whipping the son of defendant while in
school, for writing a certain note, which had come into possession
of plaintiff, containing a vulgar word, an instruction withdrawing
from consideration of jury as a matter of provocation in mitigation
of damages, the corporal punishment administered by plaintiff to
defendant's son three days preceding the above assault, was prop-
er, where the matter was not pleaded in the answer in the way
of provocation, and where the evidence of provocation was not
shown to have occurred so recently prior to the assault as to
raise any presumption that the violence done was committed
under the immediate influence or feeling of passion excited by
the whipping and before defendant's hot blood arising as a re-
sult of it, had time to cool.

3. ———: ———: ———: ———: ———: ———: An Instruction
Referring to a Matter not Pleaded in Answer as Provocation in
Mitigation of Punitive Damages, Held Properly Refused. In an
action to recover damages for assault growing out of a whipping
given by plaintiff, principal of a school, to defendant's son, for
writing a vulgar note while in school, an instruction that if "the
words, action and conduct were such as to arouse the sudden

Endicott v. Robertson.

passion of the defendant" was properly refused, it being drawn in such a way as to be confusing to jury, and could be-taken to refer not only to what occurred at the garage, when defendant requested plaintiff to allow him to see the note, but to the whipping of defendant's son by plaintiff, a matter defendant had no right to have submitted to jury, because not pleaded in the answer, as a matter of provocation in mitigation of punitive damages.

4. **ASSAULT AND BATTERY:** Evidence: Evidence as to Severity of Whipping, Held Admissible. In an action for assault and battery growing out of whipping of defendant's son for misconduct in writing a vulgar note while at school, there was no error in refusing to exclude from the jury, evidence as to the severity of the whipping, or evidence showing that the boy had not written the vulgar word in the note.

5. ————: Opening Statement: Refusal to Permit Counsel for Defendant in his Opening Statement, to Say that Difficulty, Which Took Place at a Garage, Grew out of the Whipping of Defendant's Son at Another Time, Held not Error. In an action to recover damages for assault growing out of whipping of defendant's son for misconduct while at school, the court did not err in refusing to permit counsel for defendant, in his opening statement, to say to the jury that "defendant went to the schoolhouse for the purpose of having a talk with plaintiff, and the motives which actuated him to go there, . . ., and to state that the difficulty which occurred at the garage grew out of the whipping of defendant's son at another time."

Appeal from the Circuit Court of Cole County.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*Irwin & Haley* and *Dunn & Cook* for appellant.

*Ira H. Lahman* for respondent.

BLAND, J.—This is an action to recover damages for an assault and battery alleged to have been made by defendant upon plaintiff. There was a verdict and judgment for plaintiff in the sum of $1 actual and $250 punitive damages and defendant has appealed.

The facts show that plaintiff was the principal of a public school located at Russellville, Cole County Mis-

souri. Attending the school was the fifteen year old son of defendant. On November 25, 1919, plaintiff whipped the son for creating a disturbance in "lining up" preparatory to marching into the school building. The court refused to permit defendant to show that there were marks upon the boy tending to show a cruel and inhuman whipping. That evening the son exhibited his legs and back to his father. and the following morning the father went to the schoolhouse, took hold of plaintiff by the collar and shoulder, shoved him into a near-by cloak room and kept him there for a few minutes talking to him. On Thursday the 18th day of December, 1919, plaintiff again whipped defendant's son in a manner cruel and inhuman according to defendant's evidence but denied as such by plaintiff's evidence. On reaching home that evening the son again exhibited the condition of his legs and back to his father. The reason assigned by plaintiff for whipping the boy upon the last occasion was that the boy had written a certain note, which had come into possession of plaintiff, containing a vulgar word.

On Saturday morning following the last whipping plaintiff and defendant met in a public garage in Russellville. Plaintiff testified that on that occasion he had entered the garage when defendant came in and asked to see the note; that before plaintiff had time to reply defendant knocked him down and as he would get up defendant would knock him down again. He did not know how many times he was knocked down but several; that defendant struck with his fist. Defendant's version of the occurrence was that he was going up town and on passing the garage saw plaintiff coming into the door in his car. Defendant asked him about the note and plaintiff said he did not have it. Defendant then asked, "where is it at," to which plaintiff replied, "that is my business," and defendant thereupon slapped plaintiff upon the jaw. Defendant testified that plaintiff "kept talking about the note and talked like he would get it and we kept talking about that, and then when he disputed

my word I slapped him again.'' Defendant denied that he knocked plaintiff down but said that he picked plaintiff up and laid him down; that he did not hit him while he was lying down. When defendant was asked what caused him to slap plaintiff, he said, ''He disputed my word and told me 'that was his business' about the note when I asked him for the note.''

Plaintiff's petition consisted of two counts: The first covering the battery at the schoolhouse and the second the one at the garage. However, during the trial plaintiff dismissed as to the first count but went to the jury on the second. Defendant's answer to the second count consists of a general denial and the pleading as provocation that defendant's son had been whipped by plaintiff in a cruel and inhuman manner; that defendant met plaintiff and requested plaintiff to show him a note which plaintiff claimed had been written by defendant's son in order that defendant might ascertain whether or not the note was in the handwriting of his son, and that—

''. . . plaintiff in an insolent, insulting and taunting manner refused to allow the defendant the privilege of seeing said note and that by reason of his acts and conduct toward the defendant on said occasion defendant did with his open hand slap the plaintiff on the side of the head; that said slapping was brought about and occasioned by the unreasonable and unwarranted conduct of the plaintiff towards the defendant in his acts, conduct and insolent words, and not otherwise.''

Defendant complains of the giving of instruction No. 1 on behalf of plaintiff, which is a peremptory instruction to find for plaintiff for actual damages. We think this instruction was properly given for the reason that even under defendant's testimony there was no issue for the jury on the question of plaintiff's right to recover actual damages. Plaintiff had the right to recover at least nominal damages and was, therefore, entitled to have an instruction to have the jury find for him.

Complaint is made of plaintiff's instruction No. 2, which withdrew from the consideration of the jury as a, matter of provocation in mitigation of damages the corporal punishment administered by plaintiff to defendant's son on the Thursday preceding the day of the assault on Saturday. This matter was not pleaded in the answer in the way of provocation. The answer alleges "that said slapping was brought about and occasioned by the unreasonable and unwarranted conduct of the plaintiff toward the defendant in his acts, conduct and insolent words, and not otherwise." The instruction was therefore proper. [5 C. J. 679.] In addition to this the evidence of provocation was not shown to have occurred so recently prior to the assault as to raise any presumption that the violence done was committed under the immediate influence or feeling of passion excited by the whipping, and before defendant's hot blood, arising as a result of it, had time to cool. [Coxe v. Whitney, 9 Mo. 531; Collins v. Todd, 17 Mo. 537; Bond v. Williams, 279 Mo. 215, 220-225.]

We have examined the cases cited by defendant and find nothing in them to aid him. The case of Newton v. Hawks, 113 Me. 44, cited by the defendant, apparently is not in harmony with the authorities in this State, although the facts giving rise to the assault discussed in that case are very meagerly stated.

Complaint is made of the refusal by the court to give defendant's instruction A. We think this instruction was properly refused. It was drawn in such a way as to confuse the jury. The words, "If you find . . . that the words, action and conduct were such as to arouse the sudden passion of the defendant" could be taken to refer not only to what occurred at the garage, when defendant requested plaintiff to allow him to see the note, but to the whipping of defendant's son by plaintiff, a matter, as we have already stated, that defendant had no right to have submitted to the jury as a matter of provocation in mitigation of punitive damages.

From what we have said the court did not err in refusing to exclude from the jury evidence as to the severity of the second whipping or evidence showing that the boy had not written the vulgar word in the note, nor in refusing to permit counsel for defendant in his opening statement to say to the jury that "defendant went to the schoolhouse for the purpose of having a talk with the plaintiff, and the motives which actuated him to go there . . . and to state that the difficulty which occurred at the garage grew out of the whipping of defendant's son at another time." The quotation is from the offer to state to the jury.

The judgment is affirmed. All concur.