## THOMPSON v. NATIONAL LIFE INS. CO. OF THE UNITED STATES OF AMERICA.

District Court, W. D. Missouri, W. D. March 3, 1928.

No. 7001.

W. W. McCanles, of Kansas City, Mo., for plaintiff.

Jones, Hocker, Sullivan & Angert and James C. Jones, Jr., all of St. Louis, Mo., for defendant.

REEVES, District Judge. Defendant challenges the validity of the service in this case. Admittedly defendant is a nonresident insurance company, but licensed to do business in the state of Missouri. The policy sued on was issued in the state of Kansas and all business in respect thereof transacted there.

Plaintiff first caused a summons to be directed to and served upon the superintendent of insurance of the state of Missouri. Due to a recent ruling of the Supreme Court of Missouri, to the effect that such mode of service was only valid in favor of insurance contracts issued within the state, plaintiff caused an alias summons to be served upon an agent of the defendant having an office in the state of Missouri. The validity of this service is the point for decision.

The only question presented is whether the mode of service prescribed by the Missouri statutes for licensed nonresident insurance companies is exclusive. It was so held by the Missouri Supreme Court in State ex rel. v. Grimm, 239 Mo. 135, loc. cit. 160 and 161, 143 S. W. 483, 490, where the court said:

"It must be conceded that the only mode by which a foreign insurance company can be served with process in this state is by the method provided for in said section 7042" (now section 6310, R. S. Mo. 1919).

The court cited the following cases in support of the proposition: Baile v. Equitable Fire Insurance Co., 68 Mo. 617; Middough v. Railroad, 51 Mo. 520. The recent opinion of the Supreme Court overruling the Grimm Case on other questions did not touch this point. State ex rel. American Central Life

878

Ins. Co. v. Landwehr (Mo. Sup.) 300 S. W. 294.

The cases cited by the plaintiff are inapplicable, because such cases were not limited, as in the instant case, to an exclusive mode of service. This principle is founded upon the undoubted right of the state to provide for service of process upon foreign corporations doing business therein, and in the exercise of such right it may prescribe an exclusive method.

The motion to quash service will be sustained. It is so ordered.