Sloan v. Speaker.

Cyrena Sloan, Respondent, v. Wm. Speaker, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Assault and Battery:** PLEADING: MALICE: EXEMPLARY DAMAGES. In an action for an assault and battery, it is sufficient to charge that the assault and beating were unlawfully done in a rude, angry and insolent manner. Under such allegation, evidence is admissible to show malice which will justify punitive damages without charging malice in express words.

2. ————: EXEMPLARY DAMAGES. Where the assault and battery is without legal excuse and the defendant at the time knew his act wrongful, he is liable for punitive damages.

3. **Trial Practice:** ELECTION OF CAUSE OF ACTION. The petition in this case discloses but one continuous trespass, and it is not necessary to separate each striking into separate causes of action, nor can the plaintiff be compelled to elect which assault he will rely upon.

4. **Assault and Battery:** INSTRUCTIONS: INTENTIONAL ASSAULT. An instruction not to allow even compensatory damages unless the wrong was intentionally and willfully done, is properly refused.

5. ————: JUSTIFICATION: ANSWER: INSTRUCTIONS. An excuse or justification of an assault should be set up as a defense by the answer, and where the answer is a general denial, an instruction submitting a justification is properly refused.

*Appeal from the Daviess Circuit Court.*—Hon. E. J. Broaddus, Judge.

Affirmed.

*Alexander & Richardson* for appellant.

(1) Vindictive and punitive damages can be given, if ever in a civil case, only where the injury is intentionally, willfully and maliciously done. *McKeon v. Railroad*, 42 Mo. 79; *Friedenheit v. Edmonson*, 36 Mo. 227; *Franz v. Hilterbrand*, 45 Mo. 121; *Engle v. Jones*, 51 Mo. 316; *Welsh v. Stewart*, 31 Mo. App. 376. It

is misdirection and wrong practice to give instructions, no matter how correct they may be abstractly, if the evidence in the particular case does not warrant or justify them. *Franz v. Hilterbrand*, 45 Mo. 121; *Engle v. Jones*, 51 Mo. 316. (2) No instructions authorizing exemplary damages should have been given, even if the evidence had justified it, for the reason that the petition does not state a case which will support the recovery of such damages. *Melvin v. Railroad*, 89 Mo. 106; *Welsh v. Stewart*, 31 Mo. App. 382; 2 Stark's Digest, sec. 70, p. 325, cites numerous authorities to the same effect; *Railroad v. Kiuffen*, 23 S. W. Rep. (Tex. Civ. App.) 457; *Gregory v. Colman*, 22 S. W. Rep. (Tex. Civ. App.) 181. (3) The petition contains two separate causes of action which are improperly blended in one count, and the court erred in not sustaining defendant's motion to compel plaintiff to elect upon which of said causes of action the issue should be submitted to the jury. *Welsh v. Stewart*, 31 Mo. App. 383; *Fadley v. Smith*, 23 Mo. App. 87.

*Hamilton & Dudley* for respondent.

(1) To entitle plaintiff to recover exemplary or punitive damages it is not necessary that the assault should be intentionally, willfully or maliciously made; it is sufficient if it was done in a wanton, rude or aggravated manner. *Franz v. Hilterbrand*, 45 Mo. 121; *Buckley v. Knapp*, 48 Mo. 152; *West v. Forrest*, 22 Mo. 344; *Green v. Graig*, 47 Mo. 90; *Blake v. Dowell*, 111 Mo. 510; *Engle v. Jones*, 51 Mo. 316. (2) The evidence not only shows that the assault was committed in a wanton, rude, and aggravated manner, but it also shows that it was malicious, and the instruction as to punitive damages was proper. *Kennedy v. Railroad*, 36

Mo. 351; *Buckley v. Knapp*, 48 Mo. 152; *Trauerman v. Lippincott*, 39 Mo. App. 478; *Engle v. Jones*, 51 Mo. 316; (3) It is not necessary to aver that the assault was maliciously made. *Howard v. Lillard*, 17 Mo. App. 228; *Dailey v. Houston*, 58 Mo. 361; *Goetz v. Ambs*, 27 Mo. 28; *O'Leary v. Rowan*, 31 Mo. 117. (4) The wrongful interference and assault on plaintiff by defendant at the gate and with the horses was a continuous trespass and constitutes but one cause of action, but if the petition had contained two separate causes of action blended in the same count, plaintiff would have waived the objection by not filing a motion to compel an election before trial. *Wallace v. Railroad*, 47 Mo. App. 491; *Welsh v. Stewart*, 31 Mo. App. 376; *Stevenson v. Judy*, 49 Mo. 227; *Fadley v. Smith*, 23 Mo. App. 87. (5) There was no error in refusing the instructions asked by defendant, and the one given on his behalf was more favorable than he was entitled to. The answer is a general denial and defendant could not justify under the plea of *son assault demesne* without setting it up in his answer. *O'Leary v. Rowan*, 31 Mo. 117; Maxwell on Code Pleading, pp. 418, 419.

ELLISON, J.—The result of the trial of this case in the court below was a verdict for plaintiff for $200. The nature of the action is sufficiently expressed in plaintiff's petition following:

"Plaintiff states that on or about the eighth day of November, 1893, in the county of Daviess and state of Missouri, the defendant did unlawfully assault plaintiff, and did then and there rudely, violently and with great force, push and slam a large gate against plaintiff's arm and leg, and with said gate did strike, beat, bruise and wound her, the said plaintiff, upon the leg and arm, and did then and there, in a rude, insolent and angry manner, seize hold upon plaintiff with his

hands and did violently shake plaintiff and bruise and wound her upon the arms; that by reason of said beating, bruising and wounding, plaintiff was crippled in her leg and arms and was for several days lame and unable to attend to her business affairs and was caused great bodily and mental suffering and was thereby greatly humiliated and insulted, to her damage in the sum of $5,000, for which she asks judgment."

The motion for a new trial makes no complaint of the rulings of the court on the evidence offered, but does complain of the action of the court in giving and refusing instructions. It is insisted that the jury should not have been permitted to give to plaintiff anything in the way of exemplary damages, since, as is contended, no malice was alleged or proven in evidence. The objection is not well taken. It is not necessary that the petition should charge malice in express words. It is sufficient if the petition charges, as does the one here, that the assaulting and beating was unlawfully done, in a rude, angry and insolent manner. When such is the charge made by the pleading, it is enough to authorize evidence showing the nature of the battery and to test by the evidence whether the case is such as to justify punitive damages. *Howard v. Lillard*, 17 Mo. App. 228; *Trauerman v. Lippincott*, 39 Mo. App. 478.

Under plaintiff's instruction the jury must have found that defendant intentionally and wantonly assaulted and beat the plaintiff without legal excuse or justification; and that he knew at the time that his act was wrongful. Under such state of case, he was properly held liable in punitive damages. *Trauerman v. Lippincott*, 39 Mo. App. 478.

The court properly refused defendant's request to have plaintiff elect which assault and battery she would rely upon. The petition discloses but one con-

tinuous trespass, or assault and battery. When defendant struck plaintiff with the gate and then in the same altercation took hold of her and shook and bruised her, these acts may be properly treated as one offense. In a trespass which from its nature is a single trespass, it is not necessary to separate each striking, whether with weapon or hand, into separate causes of action. In such case it is one trespass.

The defendant's refused instructions were properly refused. The refusal of the first is disposed of in what we have said as to the petition. The second, in effect, directs the jury not to allow even compensatory damages, unless the wrong was intentionally and willfully done. That, of course, would have been unjust. The third and fourth instructions omit altogether any question whether plaintiff was right in her attempt to open the gate. And besides, if any first assault by plaintiff on defendant, or any voluntary entering upon the struggle by plaintiff was relied upon, as set out in the instructions, it should have been set up in the anwer, which, in this case, was a mere general denial. *O'Leary v. Rowan*, 31 Mo. 117. If defendant by these means sought to excuse or justify his assault, he should have set up such defense by answer.

The jury having determined the issues of fact for the plaintiff, and as we have seen that the court committed no error, we have nothing to do other than affirm the judgment. All concur.