E. B. OMOHUNDRO, Respondent, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, May 2, 1899.

Assault and Battery: PRACTICE, TRIAL. In the case at bar the defendant could not, under a plea denying the assault, which is the effect of the general denial, move the court to instruct the jury on the theory of confession and avoidance; and, held, further, that the only way that alleged misconduct of a trial judge can get before an appellate court for review, is by setting out the facts constituting the misconduct in the bill of exceptions.

*Appeal from the Audrain Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

J. C. DEMPSEY, J. D. HOSTETTER and E. M. MAJOR for respondent.

Appellant's complaint as to instructions given for the plaintiff and refused for the defendant, can not be noticed or considered by this court. The record affirmatively shows that it does not contain instruction number 1 given for the plaintiff, and none of the instructions asked for by defendant, are in the record. In this state of the record, all the presumptions are in favor of the propriety of the action of the trial court, as in the absence of these instructions, it can not be determined whether error was committed or not. This proposition is supported by an unbroken line of decisions. State v. Hendy, 49 S. W. Rep. 988; Evans-Snyder-Buell Co. v. Turner, 143 Mo. 938; Birney v. Sharpe, 78 Mo. 73; Greenabaum v. Millsaps, 77 Mo. 474. But even if this court should consider the suggestions made by appellant's counsel in criti-

cism of the instructions given for the plaintiff and those re-
fused for defendant, we claim that the action of the trial court
was proper, relative to these instructions. The learned counsel
for appellant makes an unfounded criticism on our instruction
number 2, and claims that it is erroneous in leaving the matter
of damages to the belief of the jurors, and suggests that this
belief should arise out of the evidence. The criticised in-
struction does not read as the learned counsel for appellant
claims it does. The matter of damages was left to the jury as
resting upon what they might "believe from the evidence."
So that according to the suggestion of appellant's counsel,
the criticised instructions conforms precisely to his view of the
law. In the absence of the defendant's refused instructions
from the record, we can only gather what the substance of
those instructions were, from what counsel says in his brief
they contain. The answer was a general denial, which of
course denied the assault, and under the decisions it was im-
proper to give any instruction on behalf of defendant, which
presented a theory of self-defense or which, admitting the
assault, attempts a justification of it. Such defenses, if they
are to be relied upon, must be set up and specially pleaded
in the answer. Dailey v. Houston, 58 Mo. 361 loc. cit. 369;
O'Leary v. Rowan, 31 Mo. 117; Sloan v. Speaker, 63 Mo.
App. 321; Thomas v. Werremeyer, 34 Mo. App. 665 loc. cit.
671.

S. H. KING for appellant.

In the case of Green v. Telfair, 11 How. Pr. (N. Y.) 260,
the court says: "A judge may also keep the jury together as
long as in his judgment there is any reasonable prospect of
their being able to agree; but beyond this I do not think he
is at liberty to go.  *  *  *  A judge has no right to
threaten or intimidate a jury in order to affect their delibera-
tions." A new trial should be granted where the verdict was
rendered shortly after the judge told the jury (which had been

out all night) that they could have breakfast at their own expense, they having had no supper. Physioc v. Shea, 75 Ga. 466; see, also, 86 Tenn. 537. In McPeak v. Railway, 128 Mo. 644, citing and approving 66 Mo. 148, court says: "Our statute only contemplates that the media of the transmission of thought between court and jury shall be by written instructions given in open court," citing R. S., sec. 1188; see cases cited in this case. "Court should not indicate that the jury would be justified in bringing in a verdict for the sake of expediency." 128 Mo. 644. "While not intended in that sense, evidently any juror might reasonably construe the above language to mean that he might yield his individual convictions of right, and agree with his fellows for the sake of agreeing, whether his judgment was convinced and his conscience satisfied or not. This was the most natural purpose," etc. Ib. "Indeed the remarks of the court in this instance are even of a more objectionable character, because evidently aimed at, and addressed to one man, and that one had evidently stood out against the eleven who could get together in about a minute. In an hour and a half from the time of the address, a verdict was reached. On this state of facts there can be but one opinion as to the effect of the address." Ib., 647.

BLAND, P. J.—The substance of the petition is, that on March 12, 1897, defendant entered plaintiff's office at Bowling Green, Missouri (he being a justice of the peace and insurance agent), and without warning to plaintiff, willfully, unlawfully, maliciously and wantonly assaulted him with a glass insulator and struck him about the head repeatedly, inflicting dangerous wounds and bruises about his head and face and on his arm and shoulder, from which he suffered great bodily pain and mental anguish. $2,500 actual, and $2,500 punitive damages were prayed for. The answer was a general denial. The cause was taken to Audrain county by change of venue, where on a trial plaintiff recovered judgment for

$100 actual damages, and $650 punitive damages.    Defendant appealed.

The evidence offered by plaintiff tended to prove the allegations of his petition.    It appears from the evidence that defendant had a case pending before plaintiff as justice of the peace, and being dissatisfied with his rulings, he entered the office of the justice on March 12, 1897, picked up a glass insulator from plaintiff's desk, and without warning him, struck plaintiff several severe blows about his head and face and on his arm and shoulder, and that plaintiff by reason of his wounds and injuries so inflicted by defendant was confined at his home for about two weeks, under the care of a physician. It was shown in the evidence that the defendant was a wealthy man.    He testified that he did not strike plaintiff with the insulator, but that the wounds were made by his ring worn on a finger of the left hand.    Testimony of the bad character of defendant for truth and veracity was introduced by the plaintiff.    In the progress of the trial defendant offered to prove that plaintiff had procured an indictment to be preferred against defendant for the assault and afterwards had it dismissed without trial.    This testimony was excluded by the court and the ruling is assigned as error.    A record of the defendant's trial and acquittal on the indictment would not have been admissible in his favor.    Gray v. McDonald, 104 Mo. loc. cit. 307; Corwin v. Walton, 18 Mo. 72, and we are unable to see under what rule of the law of evidence the fact that an indictment had been preferred against defendant and dismissed would be admissible. Such evidence was not relevant to any issue in the case; it did not prove nor tend to prove any admission by plaintiff against his interest; it did not prove nor tend to prove that defendant had or had not committed the assault; it proved nothing except the naked facts, that an indictment had been filed and subsequently dismissed.

The giving and refusing of instructions is also assigned as error.    Instruction number 1, given for plaintiff, and criticised

by appellant, is not in the record, nor are any of the instructions given for defendant in the record. The clerk notes in the bill of exceptions that number 1 given for plaintiff, and all of the instructions given for defendant were not found. No steps were taken to supply these lost instructions. In such circumstances all the presumptions are in favor of the propriety of the instructions given, not contained in the record. State v. Handy, 49 S. W. Rep. 988; Evans-Snyder-Buell Co. v. Turner, 143 Mo. 638; Birney v. Sharpe, 78 Mo. 73; Greenbaum v. Millsaps, 77 Mo. 474. Number 3, of the series asked by defendant and refused, was on the theory that defendant struck plaintiff in self-defense. The answer was a general denial. The defendant could not, under a plea denying the assault, which is the effect of the general denial, move the court to instruct the jury on the theory of confession and avoidance. Dailey v. Houston, 58 Mo. loc. cit. 369; Sloan v. Speaker, 63 Mo. App. 321; Thomas v. Werremeyer, 34 Mo. App. loc. cit. 671.

PRACTICE, trial.

The appellant further assigns as error that the judge, after the jury had retired to consider their verdict and had deliberated for a considerable time, called them back into the court room and delivered a lecture to them which coerced them to find the verdict. The attention of the trial court was called to this alleged misconduct in the motion for a new trial, and the affidavits of two reputable gentlemen were filed in support of the motion, but these affidavits do not prove the fact set out in the motion. The only way that alleged misconduct of a trial judge can get before an appellate court for review, is by setting out the facts constituting the misconduct in the bill of exceptions. State v. Levy, 126 Mo. loc. cit. 563; and cases cited; State v. Duncan, 116 Mo. loc. cit. 309; Nothing of the kind is found in the bill of exceptions before us and we rule this assignment of error against the appellant. Discovering no reversible error in the record, the judgment is affirmed. All concur.