GEORGE D. LYDDON, JR., by Next Friend, etc., Respondent, v. GUS DOSE, Appellant.

Kansas City Court of Appeals, May 29, 1899.

1. **Trial Practice**: INFANT APPEARING BY ATTORNEY: WAIVER. The incapacity of the plaintiff to sue, as in the case of a minor, must be raised by demurrer or answer, or the defect is waived, and the statute of jeofails specially provides for the case of an infant.

2. **Appellate Practice**: TRYING A RECORD: FOLLOWING STATUTE. The appellate court will not try the question whether certain matters in the additional abstract of respondent are properly incorporated in the record unless the appellant pursues the method pointed out in section 2253 Revised Statutes 1889.

3. **Assault and Battery**: EXEMPLARY DAMAGES. The facts attending the assault and battery of a small lad by a grown man are reviewed and held sufficient to warrant the submission of the question of exemplary damages to the jury and sustain its verdict.

Lyddon v. Dose.

4. ———: ———: PLEADING. A declaration for assault and battery need not necessarily use the word malice in describing the offense, since malice imports nothing more than that the act is willful or intentional and is used to distinguish such acts from unintentional wrongs which are not unavoidable.

5. ———: ———: CONFLICTING INSTRUCTIONS. Instructions in this case are reviewed and held not to be conflicting but to limit the time for assessing damages to the institution of the suit.

6. ———: EVIDENCE: GENERAL CHARACTER. In an action for assault and battery the general character of the defendant is not in issue and evidence of his good reputation is properly excluded.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

BROWN, HADLEY & SWIFT for appellant.

(1) A minor can begin and prosecute a suit in two ways only, by a next friend appointed by the court in which the suit is instituted, or by a guardian appointed by the probate court. The petition must allege the plaintiff's infancy and the appointment of a next friend or guardian, which facts must also be proved. The caption is no part of the petition. Porter v. Railroad, 60 Mo. 160; Gamache v. Prevost, 71 Mo. 84; Sherman v. Railroad, 72 Mo. 63. (2) There is no evidence in the entire record that justified the giving of punitive damages. Instruction number 4, given for the plaintiff, and the refusal of instruction number 8, offered by the defendant, were plainly error. The element of express malice, wantonness, oppressiveness or aggravated injury is necessary to the recovery of punitive damages. There is no evidence of any of these elements. Punitive or exemplary damages are given as a punishment, the doctrine being derived from criminal law. 3 Sutherland on Damages, p. 661; Railway v. Prentice, 147 U. S. 101; Kennedy v. Railway, 36 Mo. 352; Morgan v.

Durfee, 69 Mo. 469-478; Berlin v. Thompson, 61 Mo. App. 234-241; O'Brien v. Loomis, 43 Mo. App. 29-39; State v. Jungling, 116 Mo. 162-165; Albers v. Exchange, 138 Mo. 140-161; Fulkerson v. Murdock, 53 Mo. App. 151, 156; Franz v. Hilterbrand, 45 Mo. 121; Bruce v. Ulery, 79 Mo. 322; Brown v. Road Co., 89 Mo. 152; Nelson v. Wallace, 48 Mo. App. 193. (3) The allegations of the petition are not sufficient to justify the giving of punitive damages, and the motion in arrest of judgment should have been sustained. The instructions submit the case to the jury on a theory not justified by the allegations of the petition. Franz v. Hilterbrand, 45 Mo. 121; Engle v. Jones, 51 Mo. 316; Welsh v. Stewart, 31 Mo. App. 376; Kennedy v. Railroad, 36 Mo. 351; Prueitt v. Quarry Co., 33 Mo. App. 18; Trauerman v. Lippincott, 39 Mo. App. 478; O'Brien v. Loomis, *supra;* Sloan v. Speaker, 63 Mo. App. 321; Howard v. Lillard, 17 Mo. App. 228. (4) The character and reputation of the parties were relevant to the determination of the issue submitted to the jury. The court erred in excluding the evidence offered of defendant's good reputation and character and in modifying instruction number 4, offered by defendant. The character and reputation of the parties were put in issue by the nature of the suit. 3 Am. and Eng. Ency. of Law, 112; Vawter v. Hultz, 112 Mo. 633; Dudley v. McCluer, 65 Mo. 241; Green v. Spencer, 3 Mo. 318; McKern v. Calvert, 59 Mo. 243; Gregory v. Chambers, 78 Mo. 294; Corning v. Corning, 6 N. Y. 97; Porter v. Seeley, 23 Pa. St. 424; Thompson v. Riley, 1 Root (Conn.) 312; Reed v. Kelley, 4 Bibb (Ky.) 401; Carpenter v. Blake, 10 Hunn (N. Y.) 358; Dailey v. Houston, 58 Mo. 361; Clements v. Maloney, 55 Mo. 352. (5) The verdict of the jury was excessive, both upon the verdict for actual as well as punitive damages, and was the result of prejudice and passion. Weinberg v. Railway, 139 Mo. 286. (6) The court erred in giving plaintiff's instruc-

tion number 4, as it authorized the jury to award to plaintiff
damages for the pain and suffering he may have undergone up
to the time of the trial, when the petition made no claim for
future pain or suffering.    This error was not cured by instruc-
tions numbers 9 and 2 given for defendant.    The instructions
were conflicting and irreconcilable.    Kicks v. Doerste, 45 Mo.
App. 134; James v. Railway, 107 Mo. 480; Brown v. Lumber
Co., 65 Mo. App. 162; Quirk v. Elevator Co. 126 Mo. 279;
State v. Brumley, 53 Mo. App. 126; Frank v. Railroad, 57
Mo. App. 181; State v. Nauert, 2 Mo App. 295; State v Her-
rell, 97 Mo. 105.

NOYES & HEATH for respondent.

(1)   Appellant's first contention is that this case should
be reversed and remanded for want of a next friend to plain-
tiff.    There is no merit in such a contention.    E. J. McWain
was legally appointed next friend for plaintiff.    R. S. 1889,
secs. 1998 and 1999; Porter v. Railroad, 60 Mo. 160; Sher-
man v. Railroad, 72 Mo. 62; Gamache v. Prevost, 71 Mo. 84;
R. S. 1889, clause 7, sec. 2113; Rogers v. Marsh, 73 Mo. 64;
Randolph v. Railroad, 18 Mo. App 609; Holton v. Towner,
81 Mo. 360; R. S. 1879, sec. 3582; R. S. 1889, sec. 2113.
(2)   The evidence showed that there was bad blood between
plaintiff and defendant at least on defendant's part prior to the
assault.    State to use v. Jungling, 116 Mo. 162; Kennedy v.
Railway, 36 Mo. 352; Morgan v. Durfee, 69 Mo. 469; Berlin ·
v. Thompson, 61 Mo. App. 234; O'Brien v. Loomis, 43 Mo.
App. 29; Albers v. Exchange, 138 Mo. 140; Fulkerson v.
Murdock, 53 Mo. App. 151; 123 Mo. 292; Nelson v. Wallace,
48 Mo. App. 193; Franz v. Hilterbrand, 45 Mo. 121; Bruce
v. Ulery, 79 Mo. 322; Brown v. Plank Road, 89 Mo. 152;
Trauerman v. Lippincott, 39 Mo. App. 478; Howard v. Lil-
lard, 17 Mo. App. 228; Fugate v. Millar, 109 Mo. 281-285;
Sharpe v. Johnston, 59 Mo. 557; 5 Am. and Eng. Ency. of
Law [2 Ed.], 709; 14 Am. and Eng. Ency. of Law, 6.

Appellant's third contention is that the allegation of the petition does not justify punitive damages. It has been repeatedly held that the words "malice or malicious" need not be used. Howard v. Lillard, 17 Mo. App. 228; Linville v. Rhoades, 73 Mo. App. 217-221; O'Brien v. Loomis, 43 Mo. App. 29; Sloan v. Speaker, 63 Mo. App. 321. (4) Appellant's fourth complaint is that he was not allowed to prove his general good reputation. Our first answer is that as appellant's answer was a general denial, the issue was not raised. Second, defendant's offer was as to his good character and reputation, and not to his character as a law abiding and peaceful citizen. Evidence of general character is rejected in an action for assault and battery. 1 Greenleaf on Evidence [14 Ed.], sec. 55, p. 84; Gutzweiler v. Lackman, 23 Mo. 168; Rogers v. Troost, 51 Mo. 470; Crabtree v. Vanhoozier, 53 Mo. App. 405; Fulkerson v. Murdock, 53 Mo. App. 151; Vawter v. Hultz, 112 Mo. 633 639.

GILL, J.—This is an action to recover damages for an assault and battery. At the date of the assault defendant conducted a saloon at Twenty-third and Penn streets, Kansas City, while plaintiff, a boy sixteen years old, was engaged in delivering daily papers (the Journal) to its patrons in that vicinity. At an early hour of the morning in question, the boy came with his paper, pushed open a screen door of the saloon and dropped the paper on the floor inside. It seems that defendant had previously requested the carrier to bring the paper inside the saloon and place it on a table, but the boy refused to do so. At this time the defendant became very angry, followed the boy out on the street, and, according to the plaintiff's evidence, the defendant cursed the lad struck him a severe blow on the side of the head and forced him to go back into the saloon, take up the paper and place it on the table. Defendant testified that the boy used towards him vile language, calling him a "Dutch son-of-a-bitch," and that he

Lyddon v. Dose.

(the defendant) only slapped the boy with his open hand. Plaintiff denied the use of the offensive language, and he and his mother both testified that the blow was severe and caused a swelling with much pain.

The jury returned a verdict of $50 actual and $250 punitive damages, in all $300, and from a judgment thereon defendant has appealed.

I. It is first objected that the petition and evidence is fatally defective, in that the former fails to allege and the latter to prove the appointment of a guardian or next friend to prosecute plaintiff's suit. There is no merit in this point. In the first place the objection to the petition is one going to the legal capacity of the plaintiff to sue, and unless this is especially raised by demurrer or answer, the defendant will be deemed to have waived the same. R. S. 1889, secs. 2043 and 2047; Randolph v. Railway, 18 Mo. App. 609; Rogers v. Marsh, 73 Mo. 64; Jones v. Steele, 36 Mo. 325. Secondly, this is one of the omissions or imperfections which is cured by verdict. The statute of jeofails (section 2113) provides that "when a verdict shall have been rendered in any cause, the judgment thereon shall not be * * * reversed, impaired or in any way affected * * * seventh, for any party under twenty-one years of age, having appeared by attorney, if the verdict or judgment be for him." Holton v. Turner, 81 Mo. 360.

Besides all this, plaintiff's counsel have added by supplemental abstract what purports to be a part of the record in the trial court, and which shows the due and proper appointment of a next friend to the infant plaintiff. At the argument defendant's counsel suggested that this matter was not properly incorporated in the record of the case below, but we can not attempt to settle disputes of this nature except in the manner pointed out by the practice act section 2253, Revised

*TRIAL practice: infant appearing by attorney: waiver.*

*APPELLATE practice: trying a record: following statute.*

Statutes 1889. However this may be, the point is settled against the defendant, for the reasons first stated.

II.   The contention of defendant's counsel that the case is not one for exemplary damages is even more groundless than that just noticed.   In the light of the plaintiff's evidence the assault was intentional, without just cause or excuse and malicious.   If the story of the boy is to be credited (and of that the jury was the proper judge) the defendant's conduct was not only wrongful and without excuse but was attended with intentional harshness and oppression.   According to his testimony (and which the jury evidently believed) the defendant, a strong sinewy man of six feet, pursued a small boy into the street, and, with an oath, struck the lad with his clinched fist so that for the time it rendered him almost unconscious. The defendant then seized the boy and by superior strength forced him to go into the saloon and place the paper on the table; and all this on the flimsy pretext or excuse that the carrier had refused to put the paper where he, the defendant, desired.   It would have been remarkable if the jury had declined, under these circumstances, to award something more than compensatory damages.   Defendant admitted the assault but sought to excuse himself by the statement that the boy used offensive language towards him, but this the lad denied. In determining the sufficiency of the evidence, we are to assume that the jury rightly credited the boy's statement of what occurred and discredited that of the defendant.   In the light of this conclusion as to what were the facts of the case, a clear case for punitive damages was made out.   For authorities in point see Trauerman v. Lippincott, 39 Mo. App. 478, and cases cited.

Neither is there any just cause to complain of the allegations in the petition or the court's instructions in relation to the matter of exemplary damages.   The facts alleged in the

*Assault and battery: exemplary damages.*

petition if true made a case of that nature. It is not necessary to use the word malice in describing the offense. Sloan v. Speaker, 63 Mo. App. 321. "The term malice imports, according to its legal signification, nothing more than that the act is willful or intentional; and when used to qualify the character of a trespass, it is only employed to distinguish it from that class of injuries which one person may inflict upon another without the intention to do harm, but for which he is responsible because the act is not unavoidable." Goetz v. Ambs, 27 Mo. 28.

——: ——: pleading.

It will serve no useful purpose to discuss here the several instructions given and relating to the question of exemplary damages. They have been examined and found most favorable to the defendant.

In plaintiff's fourth instruction the court declared generally that if the verdict was for the plaintiff the jury should allow such sum as they might believe would compensate him for the physical pain, mental anguish, humiliation and mortification suffered by him by reason of the assault and battery, etc. At the instance of the defendant the court instructed the jury "that in considering the actual damages, if any, which plaintiff may have suffered from said assault, you will not take into consideration any damages plaintiff may have suffered from said assault since the institution of this suit."

——: ——: conflicting instructions.

Complaint is now made that these instructions are inconsistent, that according to that of the plaintiff the jury were directed to allow for suffering or damages incurred after as well as before the action was commenced, while that of the defendant limited the recovery to the actual damages suffered prior to the beginning of the suit.

We fail to see any such inconsistency as counsel suggests. The instruction given at plaintiff's request makes no mention of time limit to the assessment of damages, while defendant's

instruction above quoted expressly directed the jury that plaintiff was only entitled to be compensated for damages to the date the suit was begun. When the two instructions were read together the jury could not mistake the court's meaning.

In action for damages for assault and battery, the general character of the defendant is not in issue, and hence the trial court correctly excluded evidence tending to prove defendant to be a man of good character and reputation. 1 Greenl. Ev., sec. 55, and numerous other authorities cited in plaintiff's brief.

*——: evidence: general character.*

We discover no substantial error in the record and the judgment will be affirmed. All concur.