STERLING P. BOND, Appellant, v. LUTHER H. WILLIAMS et al.

Division Two, July 5, 1919.

1. **ASSAULT AND BATTERY:** Circumstances. In an action for dam-ages caused by assault and battery it is always permissible to show the circumstances under which the alleged assault was com-mitted.

2. ———: **Provocation: Punitive Damages: Mitigation: Malice.** In an action for damages for assault and battery, wherein punitive damages are asked, whether malice were present is an issue, and defendant may show the circumstances of provocation in mitiga-tion of such damages, though such evidence is inadmissible in mitigation of actual damages.

3. ———: ———: **Abusive Language: Recent Occurrence.** In order that evidence of provocation, such as abusive language, may be introduced in mitigation of punitive damages, the provocation must have occurred at the time of the assault, or so recently as to warrant an inference that the defendant was still laboring under the excitement caused by it. But no definite limits for a "cooling time" can be set. So that where plaintiff, in argument to a jury, violently abused two witnesses, characterizing them as liars and perjurers, and an hour and a half afterwards or less, as he was going from the court house to his hotel, they assaulted him, evidence of the violent language used by him was admissible, in mitigation of punitive damages, in his action against them for damages for assault and battery.

4. ———: **Malice: Definition.** An instruction declaring "malice in its legal sense does not mean mere spite, ill-will or hatred, as it is ordinarily understood, but does mean that state of disposition which shows a heart regardless of social duty and fatally bent on mischief" is appropriate in an action for assault and battery, and does not materially differ in its meaning from one defining malice as "a wrongful act done intentionally without legal justification or excuse;" and if appellant asked an instruction defining malice in the latter words and respondent the former instruction, and both were given, appellant had the benefit of both definitions, and hence cannot complain that the court did not use only his to define the term.

5. ———: **Verdict for Defendant: Nominal Damages.** Where the evidence is that the injury inflicted upon plaintiff was slight, and he presented no request for nominal damages, though in law entitled to nominal damages, a verdict for defendants, approved by the trial court, and there being no assignment in the motion for a new trial that he should have been allowed at least nominal damages, will not be disturbed on appeal on the theory that the provocation could not mitigate the actual damages unless it amounted to justification, and no actual damages were allowed.

6. **VERDICT:** Against Evidence: Motion for New Trial: Insufficient Assignment. An assignment in the motion for a new trial that the verdict is "against the evidence" and "against the law," however often repeated therein, is insufficient to permit a review by the appellate court of the evidence to show that the verdict was excessive, or inadequate, or unsupported in any respect by evidence, or erroneous in any specific particular, and in his action for assault and battery does not assign as a ground therefor that plaintiff was at least entitled to nominal damages.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas L. Anderson,* Judge.

AFFIRMED.

*Lee Meriwether* and *S. P. Bond* for appellant.

(1) The court erred in striking out the words "aid, abet" in plaintiff's amended petition. The rule is well settled that one who is present, aiding and abetting another who commits an assault is as much a principal as he who strikes the blow or fires the shot. Murphy v. Wilson, 44 Mo. 313; Gray v. McDonald, 104 Mo. 303; State v. Orrick, 106 Mo. 111; Miles v. Lucas, 110 Mo. 219; Brouster v. Fox, 117 Mo. App. 711; Schraper v. Ostmann, 172 Mo. App. 610. (2) The court erred in allowing witness Marbury to testify to the language used by plaintiff in his argument to the jury. Cox et al v. Whitney, 9 Mo. 531; Collins v. Todd, 17 Mo. 537; Avery v. Ray, 1 Mass. 11; Hoagland v. Forest Park Highlands Amus. Co., 170 Mo. 343; Lee v. Wooley, 19 Johns. (N. Y.) 318; State v. Atchley, 186 Mo. 174, 179; Maynard v. Beardsley, 7 Wend. (N. Y.) 560, 564; Rochester v. Anderson, 1 Bibb. (Ky.) 428; Keiser v. Smith, 46 Am. Rep. 342, 364, 71 Ala. 481; Millis v. Forrest, 2 Duer, 310; Ireland v. Billiott, 5 Iowa, 478; Thrall v. Knapp, 17 Iowa, 468; Le Laurin v. Murray, 75 Ark. 232; Dupee v. Lentine, 147 Mass. 580; Murphy v. McGrath, 79 Ill. 594, 596; Linder v. Hine, 84 Mich. 517; Elsworth v. Thompson, 13 Wend. (N. Y.) 658, 663; Roach v. Caldbeck, 64 Vt. 593. (3) The court erred in allowing the evidence of the witnesses of what the appellant said an hour and a half or more before the assault concerning Marbury, Luther Williams and King Williams, or either of them, in his argument before the jury in the case of the State of Missouri against John McBrien and to draw their conclusions as to the effect upon the audience, etc., in mitigation of damages or in extenuating the offense. (4) The remarks of the appellant in the case of the State v. McBrien were made as an attorney in behalf of his client and were therefore privileged. 3 Am. & Eng. Ency Law (2 Ed.), 294, 295. (5) No in-

struction as to malice on behalf of defendant or defendants should be given under the law and the evidence in this case. The instruction as given is erroneous in itself. State v. Wray, 172 Mo. 639; State v. Scoggs, 159 Mo. 581. (6) The court erred in not granting plaintiff a new trial on the ground that the jury failed to award him actual damages. Le Lauren v. Murray, 75 Ark. 232, 238; Coxe v. Whitney, 9 Mo. 531; Collins v. Todd, 17 Mo. 537; Goldsmith v. Jay, 61 Vt. 488; Lovelace v. Miller, 43 So. (Ala.) 734.

*Fauntleroy, Cullen & Hay* and *B. H. Boyer* for respondents.

(1) The plaintiff having elected to proceed against defendants upon the charge of conspiracy and assault as the result thereof must recover upon that theory or not at all—and hence must recover against all defendants or none. Aronsen v. Ricker, 185 Mo. App. 528, 533; Rice v. McAdams, 62 S. E. 774; Hoblichtel v. Yawbert, 39 Mo. 877; Laverty v. Vanarzdale, 65 Pa. St. 507; Hines v. Whitehead, 99 N. W. (Ia.) 1064; Shafer v. Ostman, 148 Mo. App. 648. (2) The question of whether, or not plaintiff had sustained any actual damage was also, by plaintiff's own instructions, left to the jury, and, having found against plaintiff on each hypothesis, plaintiff cannot now be heard to complain. Berkson v. K. C. Cable Ry. Co., 144 Mo. 220; Ellis v. Harrison, 104 Mo. 250. (3) Appellant cannot complain of the court in not instructing the jury differently because he caused such failure by failing to ask other or different instructions. Anchor Milling Co. v. Walsh, 24 Mo. App. 101. (4) Appellant asked and the court gave instructions virtually limiting his recovery to a verdict against all the defendants and warranted the jury in believing that unless he was so entitled to recover, he was not entitled to recover at all. Having thus limited himself and invited error, if error it be, appellant is in no position now to complain. Schafer v. Ostmann, 148 Mo. App. 648. (5)

While it is the duty of the court to instruct the jury in writing on all questions of law arising in the trial of a civil case, yet it is not the court's duty to so instruct unless instructions are asked: R. S. 1909, sec. 1987; Coleman v. Drane, 116 Mo. 387; Brown v. Printing Co., 213 Mo. 611; Nolan v. Johns, 126 Mo. 159; Marion v. Railroad, 127 Mo. App. 129; Morgan v. Mulhall, 214 Mo. 461, 464; Powell v. Railroad, 255 Mo. 456; Sweet v. Bunn, 195 Mo. App. 503; Willis v. Miller, 189 Mo. App. 325.

WHITE, C.—Plaintiff brought this suit in the Circuit Court of the City of St. Louis, claiming damages for assault and battery. The petition alleged that on the 26th day of March, 1914, in the City of Farmington, the defendants unlawfully assaulted, beat and bruised the plaintiff, injuring him in a manner described. It was further alleged that the assault and battery were in pursuance of a conspiracy. Judgment was prayed for actual damages in the sum of five thousand dollars and punitive damages in the sum of ten thousand dollars. The defendants filed a general denial. On trial of the case there was a verdict and judgment for the defendants from which the plaintiff appealed. The circumstances out of which the alleged cause of action arose are as follows:

On March 26, 1914, the plaintiff, who is an attorney, was engaged at Farmington representing the defendant in the case of the State v. John O'Brien. Two of these defendants, Marbury and Luther Williams, were witnesses for the State in that trial. Defendant George K. Williams was the brother of Luther. In his argument to the jury on behalf of his client which took place in the evening, the plaintiff violently abused Williams and Marbury in the presence of a number of people, characterizing them as liars and perjurers. All three of the defendants were in the courthouse at the time, sitting in different parts of the house. After the argument was over and the case submitted

to the jury, the plaintiff and his associate counsel walked out of the courthouse and went across the street to the hotel. As they approached the hotel the defendant Marbury accosted the plaintiff and demanded that he apologise for what he had said in the course of his speech. It appears that Marbury attempted to strike Bond, but was held by a friend from behind, so that his purpose in that respect was frustrated. About that time defendant Luther Williams appeared and struck the plaintiff, knocking him down. Defendants offered some testimony to the effect that when Marbury accosted the plaintiff he made a motion as if to draw a weapon, and then Luther Williams struck. There is also some evidence that Mr. Bass, Mr. Bond's associate, made a like demonstration before Williams struck.

Each of the defendants testified that he was aroused to extreme anger by the language of the plaintiff, but that there was no concert of action, and no conversation between them after the plaintiff made his speech, until the encounter took place. The case was submitted to the jury on instructions offered by the plaintiff to the effect that if they should find that the defendants, or either of them, acting alone or in concert with the same purpose, assaulted and beat the plaintiff without justification or excuse, they should find for the plaintiff.

I. The principal error complained of was the admission of evidence offered by the defendants showing the abusive language used by the plaintiff while addressing the jury. This was testified to by each of the defendants and other witnesses. The defendants testified that they were very much outraged by the language used, and that the excitement and indignation remained with them up to the time of the assault.

Cooling Time.

In an action for damages caused by assault and battery it is always permissible to show the circumstances under which the alleged assault was committed. Where punitive damages are asked, whether malice

was present is an issue, and it is permissible to show the circumstances of provocation in mitigation of such damages, though such evidence is inadmissible in mitigation of actual damages. [Joice v. Branson, 73 Mo. 28; Gray v. McDonald, 104 Mo. 1. c. 314.] In order, however, that evidence of provocation, such as abusive language, may be introduced for the purpose of mitigation the provocation must have occurred at the time of the assault, or so recently as to warrant an inference that the defendant was still laboring under the excitement caused by it.

Appellant, while admitting the principle of law stated, argues that a sufficient time had elapsed after the provocation and before the assault to show that the attack was made in cool blood and with malice. The authorities are not altogether in agreement as to what would be sufficient time for the passions aroused by such a provocation to subside so that it would be presumed the assault was deliberate; that is, they do not set definite limits for a period designated as a "cooling time." [State v. Wieners, 66 Mo. 1. c. 27.] In general it is said that the length of time necessary to remove the excuse of provocation depends upon the circumstances of each case. As said by this court in the case of State v. Grugin, 147 Mo. 1. c. 51: "No precise time, therefore, in hours or minutes, can be laid down by the court as a rule of law, within which the passions must be held to have subsided and reason to have resumed its control, without setting at defiance the laws of man's nature, and ignoring the very principle on which provocation and passion are allowed to be shown, at all, in mitigation of the offense." This passage is quoted by the court from the case of Maher v. People, 10 Mich. 212.

The appellant cites two Missouri cases in support of his position. The case of Coxe v. Whitney, 9 Mo. 531, where plaintiff, editor of a newspaper, published an article reflecting on defendant's wife. Two days later, defendant went to the room of plaintiff and made

the assault. The court held that evidence of the provocation was inadmissible in mitigation of damages. The court said, p. 535: "The evidence of provocation which is allowed to mitigate the damages must be so recent 'as to induce a fair presumption that the violence was done during the continuance of the feelings and the passions excited by it.'" The court then makes this statement, l. c. 536: "But *ira furor brevis est*: What is done twenty-four or forty-eight hours after the provocation received, is not the result of that passion, but is the deliberate infliction of vengeance for an injury, real or supposed."

The other case is Collins v. Todd, 17 Mo. 537. In that case the plaintiff used insulting language to the defendant's niece, and this was communicated to the defendant on Sunday. The assault occurred on the succeeding Monday or Tuesday, and the court held evidence of the provocation was inadmissible, because sufficient time had elapsed to allow the presumption that the person had cooled. No other case is cited in this State by appellant holding that a shorter time between the provocation and the assault was sufficient to exclude the evidence, nor do cases in general from other States generally support the appellant's position. In the case of Dupee v. Lentine, 147 Mass. 580, the provocation occurred sometime before the assault, but the defendant learned of it just ten minutes before the assault, and the evidence was held inadmissible, but that case is contrary to the weight of authority. The case of Thrall v. Knapp, 17 Iowa, 468 is cited. In that case the provocation occurred a week before the assault, but information in relation to it was conveyed to the defendant three hours before and the evidence of provocation was held improperly admitted. It appears in that case that the court gave attention to the time in which the provocation occurred rather than the time at which the information reached the defendant. It was said that "no circumstances or provocation on the week before or the day before the assault, or any other time

than the identical day of the assault, could be offered in evidence.''

In the case of Prentiss v. Shaw, 96 Am. Dec. 475, 50 Maine, 427, the provocation was two hours before the assault, and the evidence was held admissible.

The case of Ward v. White, 86 Va. 212, 19 Am. St. Rep. 883, is where an abusive article appeared in a newspaper concerning the defendant and the next day the defendant committed the assault for which he was sued. The newspaper article was held properly admitted.

In Biggs v. State, 29 Ga. 723, the plaintiff offered an indignity to the defendant's wife one evening and on the following morning the assault occurred. Evidence of the affront was held admissible.

In the case of Dolan v. Fagan, 63 Barbour (N. Y.) 73, the plaintiff insulted the defendant with opprobrious language on a number of occasions before the assault took place. The trial court ruled that the defendant could show anything that took place on the day of the assault or the day before, but not what took place several days before. The case was reversed on the ground that the ruling excluding what took place several days before was erroneous.

In Genung v. Baldwin, 79 N. Y. Supp. 569, it was held that where the defendant on the same day and prior to the assault read some article in defendant's newspaper severely criticizing him, it might be shown in evidence in an action for assault and battery. There is a similar ruling in Marriott v. Williams, 152 Cal. 705.

In the case of Leachman v. Cohen, 91 S. W. (Tex.) 809, a livery-stable keeper hired a horse to a young man and while the horse was out word came to him that the young man was abusing the horse and driving recklessly. When the young man came in, it appears several hours later, the livery-stable keeper assaulted him, was sued for damages afterwards, and it was held that the abuse of the horse and the knowledge brought to the defendant was admissible in mitigation. In that case

the rule was thus stated, p. 810: "Immediate provocation is such as happens at the time of the assault or so recently before it as to induce the presumption that the violence was committed under the immediate and continuing influence of a passion thus wrongfully excited."

The case of Cook v. Neely, 143 Mo. App. 632, is where a school-teacher violently whipped the son of the plaintiff at the afternoon recess; that evening about nightfall the defendant met the plaintiff and assaulted him. The suit was for damages caused by that assault. The Kansas City Court of Appeals held that the evidence of the provocation by whipping the plaintiff's son was properly admissible in mitigation of exemplary damages. In that case the provocation occurred several hours before the assault, and the boy who was whipped conveyed the information to his father as soon as he went home after the dismissal of school; two or three hours must have elapsed between the time the defendant was first excited by the information and the time the assault took place.

The same question arises in criminal prosecutions for murder where the evidence of provocation is offered to reduce the grade of the offense to manslaughter. "The cooling time" is spoken of in such cases in the same manner as it is used in civil cases for assault and battery. To reduce a homicide to manslaughter in the fourth degree under the statute, Section 4467, the killing must have occurred "in the heat of passion." A leading case is State v. Grugin, 147 Mo. 39, quoted above. In that case the defendant was charged with murder. The man killed had committed an outrage upon his daughter some days before. The father learned of the outrage at nine o'clock in the morning, he hunted up the offender and killed him at three o'clock in the afternoon. The evidence of the provocation and the information was held admissible. It was held that character of the provocation and its tendency to continue the excited state of mind must always be considered

to determine whether the cooling time has been sufficient. In that case the provocation was extraordinary. It has been cited in later cases without criticism. [State v. Vest, 254 Mo. l. c. 465.]

While cases showing the provocation which would reduce homicide to manslaughter are cited, it is apparent that the provocation which would mitigate punitive damages in a civil action would not always be sufficient to reduce homicide to manslaughter; for instance, mere words are held not sufficient provocation to reduce homicide to manslaughter, but mere words, it is held, may produce a state of mind and arouse a passion that would mitigate damages caused by consequent assault.

Appellant asserts that his violent language offered in evidence occurred an hour and a half before the assault. The evidence fails to show the exact time. Defendants assert that the time was less. At any rate, after the offensive language was used the court continued in session and another address to the jury followed that of plaintiff, before the adjournment. The assault took place within a very few minutes after court adjourned. Under all the authorities the evidence was admissible and it was for the jury to say whether the defendants under the circumstances were actuated by malice, which would authorize punitive damages. The instructions directed the jury that they could consider such evidence only in connection with an award of punitive damages.

II. Appellant complains of an instruction given on behalf of defendants defining malice as follows: "Malice in its legal sense does not mean mere spite, ill-will or hatred, as it is ordinarily understood, but does mean that state of disposition which shows a heart regardless of social duty and fatally bent on mischief."

Malice.

That is the definition usually given in homicide cases where the presence or absence of malice may

15—279 Mo.

determine the grade of the crime, but the definition
has been approved by this court in an action for dam-
ages for assault. [Morgan v. Durfee, 69 Mo. l. c. 480.]
And it seems to be a generally approved definition. [18
R. C. L. p. 2, sec. 2.] The case of Morgan v. Durfee has
been cited with approval in the case of Boyd v. Rail-
road, 236 Mo. l. c. 93.

Appellant does not contend that the definition is
erroneous so far as it goes, but complains that the
usual definition found in the books should have been
added, to-wit: malice means a wrongful act done in-
tentionally without legal justification or excuse.

The case of State v. May, 172 Mo. 639, includes
both definitions in one, and upon that case the appellant
bases his complaint. In reality, however, the two defi-
nitions are not very different in meaning. At the in-
stance of plaintiff the court gave an instruction con-
taining the definition which the appellant complains was
left out of the defendant's instruction; so that the
plaintiff had the benefit of both, and has no cause for
complaint.

III.  Finally the appellant argues that the verdict
ought to be set aside and a new trial granted because
he was allowed no actual damages.  The argument is
that the provocation could not mitigate the
actual damages unless it amounted to justi-
fication.  Instructions given on behalf of
the plaintiff authorized the jury to find
for the plaintiff against all defendants, provided
there was a conspiracy or they acted together for
a common purpose.  There was little or no evidence
on which to base that instruction, and the verdict of
the jury is conclusive that there was no conspiracy.
George K. Williams, defendant, didn't attempt to as-
sault the plaintiff at all; Marbury made as if to as-
sault him, but was held by friends, so that he committed
no assault. The only assault of which there was any
evidence was made by Luther H. Williams. Since there
was a finding of no conspiracy, and no concert of action

Nominal
Damages.

this objection of the appellant can only apply to the assault made by Luther Williams. Some of the evidence indicates that the injury inflicted upon plaintiff was of a very slight nature, so that the jury might have found his damage was only nominal. This court is slow to set aside a verdict, in a case of this character, on the ground of inadequacy. [Pritchard v. Hewitt, 91 Mo. 547; Dowd v. Air Brake Co., 132 Mo. 579.] There was some evidence, though slight, that plaintiff and his companion made hostile demonstration before Luther Williams struck. The jury might have found plaintiff was not without fault at that time. [McCarty v. St. Louis Transit Co., 192 Mo. l. c. 403; Gorham v. St. L., I. M. & S. R. Co., 112 Mo. App. l. c. 208.]

The trial court overruled plaintiff's motion for a new trial, and therefore determined the verdict was not against the weight of evidence.

It is possible that the plaintiff would have been entitled to nominal damages had the question been properly presented. Some authorities hold that where the action sounds in damages only, the failure to prove actual damages is a failure to make out a case, and, though an actual violation of plaintiff's rights is proven, there can be no recovery. [8 R. C. L. sec. 5, p. 426; Woodhouse v. Powles, 8 L. R. A. (N. S.) l. c. 787.] On the other hand, the general rule is that any violation of one's rights, whether actual damages is inflicted or not, whether the action sound in tort for personal injuries, or otherwise, in the absence of actual damages, at least nominal damages may be recovered. [1 Suth. on Damages, sec. 9; Dailey v. Houston, 58 Mo. 361, l. c. 369; King v. St. Louis, 250 Mo. 501, l. c. 513.]

But the plaintiff did not assign as a ground for sustaining his motion for new trial that he should have been allowed at least nominal damages against Luther Williams. The objection to the verdict, repeated in different forms in his motion for a new trial, is that the verdict was "against the evidence" and "against the law." Such objections uniformly have been held in-

sufficient to permit a review by this court of the evidence to show the verdict was excessive, or inadequate, or unsupported in any respect by evidence, or erroneous in any specific particular. [Polski v. St. Louis, 264 Mo. l. c. 462; Disinfecting & Mfg. Co. v. Bates Co., 273 Mo. l. c. 304; Cook v. Clary, 48 Mo. App. l. c. 169; State v. Scott, 214 Mo. l. c. 261; Raifeisen v. Young, 183 Mo. App. l. c. 511; Brosnahan v. Best Brewing Co., 26 Mo. App. l. c. 390.]

All instructions asked by plaintiff were given except one relating to the exclusion of evidence. We are not prepared to say the trial court erred in overruling the plaintiff's motion for a new trial.

The judgment is affirmed. *Roy C.,* absent.

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. *Williams, P. J.,* and *Walker, J.,* concur, *Faris, J.,* concurs in result.