ELMER A. HALEY, RESPONDENT, v. JOHN WALKER, APPELLANT.*

Kansas City Court of Appeals. December 31, 1928.

---

*Corpus Juris-Cyc References: Assault and Battery, 5CJ, section 85, p. 657, n. 23; section 119, p. 678, n. 13; section 124, p. 682, n. 45.

*Aubrey R. Hammett* and *Sam C. Major* for respondent.

*R. M. Bagby* and *Major J. Lilly* for appellant.

BLAND, J.—This is an action for damages for personal injuries alleged to have been received by plaintiff by reason of a battery committed upon him by defendant. There was a verdict and judgment in favor of plaintiff in the sum of $1500 actual and $1500 punitive damages, and defendant has appealed.

The facts show that plaintiff and defendant had lived in the same neighborhood for about ten years prior to the time of the occurrence in question. They sustained friendly relations with each other for three or four years thereafter when defendant circulated a petition in behalf of plaintiff's brother-in-law who desired to become a road overseer. Plaintiff objected to this and defendant ceased speaking to him when they met. At any rate it appears that on June 6, 1925, when the battery took place, the relationship between the two was not overly friendly. On that day, late in the afternoon, plaintiff was taking back to a neighbor a cultivator that he had borrowed and in doing so passed along a public road that ran between defendant's horse and cattle barns. As plaintiff drove along defendant was only a few feet from the road and in plain view of plaintiff. Plaintiff caught defendant's eye but nothing was said. In about twenty minutes plaintiff, having left the cultivator at the home of the neighbor from whom he had borrowed it, was returning and when he reached a point on the public road near defendant's barn, defendant came through a gate leading from said barn and into the public road, with a half of a neck yoke of a cultivator in his hand. This instrument was twenty to twenty-two inches in length, about three inches in circumference at its smallest end, and weighed four or five pounds. Plaintiff was riding upon one horse and leading another the two horses having harness upon them.

Plaintiff testified that he thought on account of the manner in which defendant was walking and his having the club in his hand, "that there was something wrong." Defendant walked up to him and when he came up close in front of him plaintiff spoke to him but there was no sign of recognition from defendant. Plaintiff then "jerked" up the horse he was riding and defendant grabbed the bridle of this horse with his left hand and began swinging his club and said, with an oath, "You have been talking about me to our county treasurer and if you deny it, I will strike you." Plaintiff testified that he did deny it whereupon defendant hit plaintiff's left arm with the stick and broke the arm. Plaintiff tried to ward off the blows but defendant kept cursing him and striking him; finally he hit plaintiff on the "side of the head." Plaintiff testified that

during the trouble, defendant "struck me on that side (indicating), knocked me on the left side of the head and hit me on the shoulder;" that "after my right (left) arm was out of commission, he hit me on the leg. There were five licks where he hit me on the leg." The evidence shows that plaintiff sustained a fracture of the ulna of his left arm "a little above the wrist" and that "there appeared to be" a fracture of the matacarpal bone of the left hand. Plaintiff testified that the knuckles of his left hand "were knocked down and they are weak;" that he had lost most of his ability to grip with his left hand.

Defendant's version of the affair was quite different from that of plaintiff. He claimed that plaintiff started the trouble and that he struck plaintiff's arm in order to ward off blows being rained upon his face by plaintiff by the use of a tug of the harness. The petition alleges—

"The defendant unlawfully and without cause and feloniously made an assault upon the plaintiff with a deadly and dangerous weapon, to-wit, a large club, about two feet in length and about an average thickness of three inches, and of weight of about five pounds; and did on said date and at said county, wilfully, unlawfully and feloniously, without just cause or provocation, strike and beat and bruise the plaintiff in and upon the head and body and that by means of said unlawful and felonious assault the said defendant wounded and maimed the plaintiff, etc."

The answer consists of a general denial.

It is insisted that the court erred in refusing to give defendant's instruction A, which is upon the question of self-defense. Plaintiff urges that this instruction was properly refused because self-defense was not pleaded in the answer. Ordinarily defendant in a case of this kind is not permitted to defend upon the ground of justification unless such a defense is pleaded. [Thomas v. Werremeyer, 34 Mo. App. 664; Omohundro v. Emerson, 80 Mo. App. 313.] As before stated, the answer in the case at bar consists of a general denial. However, plaintiff anticipated the defense of justification by pleading that the act was committed by defendant without just cause or provocation, and defendant having denied the allegations of the petition, he accepted the issue of justification presented by plaintiff and was relieved from specifically setting up this defense. [31 Cyc. 110, 676.] Plaintiff insists that the allegation in his petition that the assault was made "wilfully and feloniously without just cause or provocation" should be treated as mere surplusage. This, no doubt, is true in reference to the use of the word "feloniously" but not as to the allegation that the assault was made without just cause or provocation. [31 Cyc. 676.]

On account of the refusal of defendant's instruction A, to the form of which there is no objection, the judgment must be reversed

and the cause remanded. At another trial it will be competent for defendant in order to establish provocation, to prove only those circumstances surrounding the battery as occurred at the time of the assault or so recently as to warrant an inference that the defendant was still laboring under the excitement caused by it. [Bond v. Williams, 214 S. W. 202, 204.] It will not be competent for defendant to show his reputation for peace and quietude. [Vawter v. Hultz, 112 Mo. 633, 639; Lyddon v. Dose, 81 Mo. App. 64; Dudley v. McCluer, 65 Mo. 241; Stewart v. Watson, 133 Mo. App. 44; 5 C. J. 682.]

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.