Rita MILLER, Plaintiff-Respondent,

v.

Audrey PHILLIPS, Defendant-Appellant.

No. 42944.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1981.

Michael J. McAvoy, Fenton, for defendant-appellant.

Gordon Upchurch, Union, for plaintiff-respondent.

CLEMENS, Senior Judge.

Plaintiff Rita Miller sued defendant Audrey Phillips for assault and battery. The jury awarded plaintiff $5,000 actual and $1,000 punitive damages. Defendant appeals the ensuing judgment.

The trial concerned two encounters between the parties. On the second one defendant admitted a violent, premeditated, unprovoked assault on plaintiff. The court refused to permit defendant to testify that four days before the assault she had found her boyfriend in a motel room with plaintiff.[1] We first deal with whether that alleged provocation justified the assault.

The earliest Missouri case in point is *Coxe et al. v. Whitney*, 9 Mo. 531 (1845), holding "What is done 24 or 48 hours after the provocation received is not the result of that passion, but is the deliberate infliction of vengeance, for any injury, real or supposed." That case was cited in *Bond v. Williams*, 279 Mo. 215, 214 S.W. 202 [1, 2] (1919) where the court analyzed the effect of lapsed time between provocation and assault. It concluded "the provocation must have occurred at the time of the assault, or so recently as to warrant an inference that the defendant was still laboring under the excitement caused by it." Citing *Bond* in *Haley v. Walker*, 223 Mo.App. 183, 12 S.W.2d 759 [2, 3] (1928) the court ruled that to justify an assault a defendant may "prove only those circumstances surrounding the battery as occurred at the time of the assault or so recently as to warrant an inference that the defendant was still laboring under the excitement caused by it."

We hold the trial court did not err in excluding defendant's proffered evidence of the encounter at the motel four days before as justification for assaulting plaintiff.

Defendant urges error in the trial court's refusal concerning the parties' conversation after the assault. Both agreed defendant had told plaintiff "You know you had that coming." Defendant testified—and plaintiff denied—that plaintiff had responded "Yes, I know I had it coming." Defendant now contends the court erred in not allowing her to explain that those words related to her having found plaintiff and defendant's boyfriend at the motel four days before. The record shows no such offer of proof; and, we have already ruled evidence of the previous encounter was inadmissable. No error here.

Defendant also contends the trial court erred in excluding medical records of her hospitalization "for depression" beginning a week after the assault. Those records noted defendant complained of being agitated and depressed since the motel encounter with her boyfriend. The psychiatric report, however, concludes that defendant knew right from wrong and could "attach appropriate consequences to her behavior". Defendant cites no authority holding her alleged mental condition would excuse her assault.

Generally, even an insane person is liable for his torts. *Gibson v. Pollock*, 179 Mo.App. 188, 166 S.W. 874 [2] (1914). And, see a host of supporting cases cited in 44 C.J.S. Insane Persons § 122. We hold the court did not err in excluding defendant's medical records.

Last, defendant claims error in the exclusion of the above challenged evidence on the ground it was relevant to the court's given instruction M.A.I. 16.01 defining malice. That instruction told the jury that "malice" meant an act done "without just cause or excuse". Defendant now singles out the one word "excuse" and argues that opened the door for her to show her reason for assaulting plaintiff. We do not agree. The word "excuse" does not stand alone; it

---

1. "Hell hath no fury like a woman scorned." (William Congreve in The Mourning Bride, 1697.)

is part of the phrase "without just cause or excuse". We have already denied that what defendant initially saw at the motel was a just excuse for her assault upon plaintiff four days later. Defendant may have had an "excuse" for assaulting plaintiff, but as we have held it was not a "just excuse".

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.